# CHARLESTON.

WARD *v.* HOTEL RANDOLPH CO. *et al.*

Submitted September 4, 1908.    Decided January 12, 1909.

1.  CORPORATIONS—*Dissolution—Proceedings—Pleading.*
    · Before a bill by a stockholder, under section 57, or by a director or stockholder, under section 58, chapter 53, Code, will be entertained by a court of equity, to appoint a receiver and wind up the affairs of a corporation, good cause must be shown therefor, and without allegation and proof thereof a bill for that purpose will be dismissed.  (p. 723.)

2.  SAME—*Misappropriation of Funds—Right of Stockholder.*
    Alleged mismanagement, or misappropriation of the funds of a corporation by managing officers or directors are matters to be redressed by the corporation, by proper proceedings in its name, or on default of proper action by the directors, by the action of the stockholders, in general meeting.  (p. 724.)

3.  SAME—*Right of Stockholder to Sue.*
    In order to confer upon a shareholder the right to sue, in a case in which the primary right is in the corporation, he must not only show that the directors are in fault, or wrongfully refuse to sue, but he must show that a majority of the shareholders have been appealed to, and, that they are also guilty of misconduct, or willfully and wrongfully refuse to act in the matter.  (p. 724.)

4.  RECEIVER—*Right to Appoint.*
    A court of equity has no jurisdiction, under section 28, chapter 133, Code, to appoint a special receiver of the property of a corporation, firm or person, when the only basis of such jurisdiction is the appointment of such receiver.    There must be equity jurisdiction independent of the application for such receivership.  (p. 724.)

5.   EQUITY—*Dismissal of Bill—Grounds.*

.If a bill fails to state a case proper for relief in a court of
equity the court will dismiss it at the hearing, though no ob-
jection has been taken to the jurisdiction by defendant in his
pleadings. (p. 725.)

Appeal from Circuit Court, Randolph County.

Bill by Wirt C. Ward against the Hotel Randolph Company
and others. . Decree for complainant, and defendants appeal.

*Reversed and Remanded.*

W. B. MAXWELL and D. H. HILL ARNOLD, for appellants.

J. L. WAMSLEY and J. F. HARDING, for appellee.

MILLER, JUDGE:

The plaintiff, Wirt C. Ward, owning 235 shares, John Wilson
230 shares, his two sons, E. S. Wilson and Bernie Wilson, 4
shares and 1 share respectively, and W. E. Baker, owning 1 share,
constituted all the stockholders, and also the entire directory of
the defendant corporation.   John Wilson was president and
treasurer; Wirt C. Ward, vice-president; E. S. Wilson manager;
and W. E. Baker was secretary.   The authorized capital stock
was one hundred thousand dollars, divided into shares of one
hundred dollars each, but only the four hundred and seventy
one shares, held as aforesaid, issued and sold.   The company's
property consisted of the hotel building and grounds known as
"Hotel Randolph," with furniture and fixtures, books and ac-
counts, situated in the City of Elkins, operated and managed by
its stockholders and directors, as aforesaid.

On December 17, 1907, upon a bill presented by said plaintiff
against his co-directors and stockholders and certain lien cred-
itors of said corporation, whose liens aggregate over $41,000.00;
and upon notice directed to and served only upon the three Wil-
sons, and without notice directed to or served on the corporation
or any of the other defendants, the court below appointed the
said W. E. Baker, special receiver of all the property of said
corporation, required the managing directors to turn over the
property to him; authorized the special receiver to operate the
property and enjoined interference therewith, and also enjoined
the prosecution of all suits against said company by creditors.

The only object of the bill, so far at least as disclosed by the

allegations and the prayer thereof, is the appointment of a receiver. After setting forth the history of the incorporation, the changes in and the present holdings of the stock; the amount of the lien indebtedness as aforesaid, and the general unsecured indebtedness, alleged to be about seventeen thousand dollars, and the fact, evidenced by the last preceding monthly statement, that the business which, with proper management, it is alleged, on information and belief, would be profitable, was being, and for the past two or three years had been, conducted at a loss. It is also alleged that the managers, under the control of said Wilsons, refused to confer with plaintiff; that gas bills had been allowed to go unpaid, and the gas company had threatened to shut off the gas, and would have done so, had not some friends on the outside arranged for payment thereof; that by reason of the mismanagement of the business of the company, and possibly of the diverting of its funds, it appears to be drifting into insolvency, if not already so, and that it is very doubtful whether its entire property would sell at public sale for sufficient to pay all the debts against it if sold at this time. These constitute all the material facts alleged as a basis for equitable relief. Briefly summarized they amount to the charge of possible insolvency, due to mismanagement, and diverting of the funds of the company.

Although the bill shows on its face that plaintiff is both director and stockholder, owning more than one-third of the capital stock, with right given by section 57, chapter 53, Code, to apply by bill in chancery to wind up the affairs of the corporation; and with Baker, special receiver, owner of one share, and friendly to plaintiff, controlling a majority of the stock, and with right given by section 49, chapter 53, Code, in general meeting of stockholders, to remove any offending director, the bill contains no allegation that any application had been made to the board of directors, or to stockholders, for redress of any of the grievances complained of; nor is any sufficient cause shown, unless the insolvency suggested be sufficient cause, for winding up the affairs of the corporation, not prayed for. Before a bill by a stockholder, under section 57, or by a director or stockholder under section 58, chapter 53, Code, will be entertained by a court of equity, to appoint a receiver and to wind up the affairs of a corporation, good cause must be shown therefor, and

without allegation and proof thereof a bill of such purpose should be dismissed. *Rainey* v. *Freeport Smokeless C. & C. Co.*, 58 W. Va. 424.

Mismanagement and misappropriation of the funds of the corporation by a managing officer or director are matters to be redressed by the corporation, by proper proceedings in the name of the corporation in the first instance, or by the stockholders on default of action by the directors. And it must clearly appear, by allegation and proof, that wrongs in fact exist, and that a stockholder has first applied to corporate authorities for redress of his grievances before he will be entertained by a bill in a court of equity. As was said by this Court in *Rathbone* v. *Gas Company*, 31 W. Va. 798, 806: "In order to entitle a shareholder to sue he must show, either, that the managing agents are themselves the authors of the wrongs, or, that their refusal to bring suit in the name of the corporation is an act of bad faith, or an abuse of the discretionary power vested in them. Even this rule is subject to this qualification: The directors and agents of the corporation are inferior to and under the control of a majority of the shareholders. Consequently, when the directors refuse to discharge their duty, they may be removed or controlled by a majority of the shareholders. Thus, in order to confer upon a shareholder the right to sue, in a case in which the primary right is in the corporation, he must not only show that the directors are in fault or wrongfully refuse to sue, but he must show that a majority of the shareholders have been appealed to, and, that they are also guilty of misconduct, or willfully and wrongfully refuse to act in the matter." If *Rathbone* v. *Gas Co.* did not present a proper case for the appointment of a receiver, certainly the bill in the case at bar did not do so.

The notice of the motion to appoint the receiver, addressed to and served on the Wilsons, advised them that the motion would be based on section 28, chapter 133, Code, which provides that: "A court of equity may in any proper case pending therein, in which the property of a corporation, firm or person is involved, and there is danger of the loss or misappropriation of the same or a material part thereof, appoint a special receiver of such property or of the rents, issues and profits thereof, or both. * * * * * But no such receiver shall be appointed of any real estate, or of the rents, issues or profits thereof until reasonable notice of the

application therefor has been given to the owner or tenant thereof . A judge of such court in vacation, may appoint such receiver of any such property, except real estate and the rents, issues and profits thereof." The authority to appoint a receiver, given by said section, is in a pending case, and we have held in several cases, seemingly not noticed by counsel on either side, because not cited, that, "such suit can not be maintained where the basis of equity jurisdiction alone is the appointment of such receiver, but there must be equity jurisdiction independent of the application therefor." *Rainey* v. *Freeport &c. Co.* 58 W. Va. *supra*, p. 429; *Thompson* v. *Adams,* 60 W. Va. 463-465, and other cases cited.

It is argued here that the corporation, as such, made no appearance by plea or answer, and did not resist the appointment of the receiver in the court below, and has not appealed or assigned error here; and moreover, that John Wilson, who alone has appealed, filed no plea or answer to the bill, his only appearance being the filing of his affidavit, alleging, among other things, want of sufficient notice of said motion, and matters of fact alleged as disqualifying said Baker to act as such receiver, wherefore it is claimed he should not be heard here on appeal from the order appointing said receiver.

The order appointing the receiver was not made as upon bill taken for confessed, or after full hearing, concluding the defendants thereafter from making defense. If the bill fails to state a case proper for relief in a court of equity the court will dismiss it at the hearing though no objection had been taken to the jurisdiction by defendant in his pleadings. *Green & Suttle* v. *Massic* 21 Grat. 356-362; *Salamone* v. *Keiley,* 80 Va. 90-94.

We are dealing with the case as it is presented by the bill, and not as it possibly might have been presented by proper allegation and proof; as presented, we are obliged, on the authorities, to hold the bill wholly insufficient on which to grant any relief, and to reverse the decree below appointing the special receiver, remanding the cause to the circuit court with directions to settle the accounts of the receiver, restore the property to the possession of the corporation, and on final hearing, unless a proper case be presented, to dismiss the bill.

*Reversed and Remanded.*