# CHARLESTON.

## WARD *v*. HOTEL RANDOLPH COMPANY.

### Submitted March 2, 1910.   Decided April 18, 1911.

1.  RECEIVERS—*Application for Appointment—Necessity for Notice.*
    Notice must be given to parties interested of an application for appointment of a receiver, except in case of emergency, or when the application is made after process served and, in term and the bill asks the appointment. (pp. 198, 199).

2.  SAME—*Appointment—Validity.*
    An appointment of a receiver, though the bill ask it, made without process served, and before decree on the merits, without affidavit to support the application, is erroneous. (pp. 198, 199).

Appeal from Circuit Court, Randolph County.

Bill by Wirt C. Ward against the Hotel Randolph Company, John Wilson, and others. From an order appointing a receiver, defendant Wilson appeals.

*Reversed and Remanded.*

*D. H. Hill Arnold,* for appellant.

*Jared L. Wamsley,* for appellee.

BRANNON, JUDGE:

In this case this Court rendered a decree reversing the action of the circuit .court in appointing a receiver.    *Ward* v. *Hotel Randolph Company,* 65 W. Va. 721.   We held that the original bill was only a bill to get a receiver, and that such a bill, for that purpose only, could not be sustained.   When the case went back to the circuit court Ward presented an amended bill asking for a receiver and a dissolution of the corporation and a winding up of its affairs.   The court made an order appointing a receiver to take charge of the hotel and carry on its business. The decree went no further, decreed no relief.   No process to answer the amended bill was issued before said decree was made.   No notice was given to Wilson of the application for the appointment of the receiver.   The amended bill was not sworn to; no affidavit to support the appointment was filed. We think it was error to appoint this receiver without notice to Wilson, a large stockholder.   In *Bargain House* v. *St. Clair,* 58 W. Va. 565, we held: "There is no principle of the law of receivership of greater wisdom, and more firmly established, than that requiring notice of the application."   Likewise in *Batson* v. *Finley,* 52 W. Va. 342.   Such is the law everywhere, as shown in 34 Cyc. 117.   An emergency case is excepted. Now, Wilson was a defendant to this cause, deeply interested in such appointment as a stockholder.   The plaintiff deemed it necessary to give him notice, and did give him notice before the first appointment of a receiver.   If the plaintiff regarded it necessary to give him notice then, why not necessary on the second application?   If process to answer the amended bill had been served it would be different, as the bill asks the appointment of a receiver, but there was no process or notice.   The appointment was made simply on the showing of the unsustained bill.

It does not meet this objection to suggest that the order was made in a pending suit, and therefore no notice was required. A receiver may, after process served, be appointed in term in a pending suit, if the bill asks it;  but there was no process on the amended bill, the only pleading justifying the appointment, as we held the original bill did not in our former decision

The former decree in this case distinctly held that good cause must be shown for the appointment.   But in this case no cause

was shown except the mere statement of the unverified bill.  It will not do to say that the affidavit to the original bill would dispense with a verification of the amended bill, because the amended bill made statements not stated in the original bill, charged insolvency, and contained other matter in addition to that.  That the corporation consented does not matter, as it could not represent Wilson's interests, and as it appears to the Court that Wilson had adverse interests, and appealed from the former appointment, and thus opposed the appointment.  Conflict of interest thus existed.  34 Cyc. 114, contains this text: "Regularly a motion for a receiver should be founded upon affidavits, or, as in the practice of some states, on a bill sworn to by the complainant or by some one cognizant of the facts stated."  It is stated in 17 Ency. Pl. & Prac. 736, that "A petition for a receiver should be verified by affidavit, and both the petition and the verifying affidavit must be positives, as must also other affidavits filed in support of or in opposition to the application."  Alderson on Receivers, § 132, tells us that there must be such affidavit.

The point is made against the amended bill that it is a departure from the original bill and cannot be entertained.  We do not sustain this position.  We held that the original bill called only for a receiver.  The amended bill does the same, stating matters supposed to sustain the application, and it further asks a dissolution and winding up of the hotel company. We do not think that the amended bill is either inconsistent with the original bill or foreign or ungermane to it.  This appeal is only from the order appointing the receiver.  Answers were filed in the case but that was after the appointment and they have not been passed upon by the court.  The order was made simply on the amended bill and the prior record.

We will reverse the order appointing a receiver and remand the case for further proceedings.

*Reversed and Remanded.*