Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, June 13, 1890. *Johnson & Burnett*, for appellant. *Mr. Schumpert*, solicitor, contra.

No. 2686. WILLIAMS *v.* MALLORY. April Term, 1890. Within five months after the death intestate of Henry Mallory in March, 1888, one of his children brought suit for partition of a tract of land, making all the other heirs defendants, but not making the administrator as such a party, and not stating that the personal estate was sufficient to pay debts, or whether there were debts. The widow answered, alleging that there was an administrator, that there were debts, and that the personal estate was insufficient to pay them; and claiming homestead. In March, 1889, Judge Wallace referred it to a referee to call in the creditors

and take proof of claims. In April, the referee submitted his report, showing an indebtedness of $307.26. In June, Judge Witherspoon passed the following order : "It is ordered, that the usual writ of partition do issue, without prejudice to the right of any creditor, and that all questions of homestead be reserved for future adjudication." To this order no exceptions were then taken.

Thereafter (date not given) the widow filed her petition to the clerk of court, demanding a homestead. In August, the commissioners in partition filed their return, allotting a part of the plantation to each one of the distributees. In October, 1889, Judge Kershaw filed the following order :

"*Ordered*, that W. J. Causey, clerk of this court, shall set off to all the heirs of Harry Mallory, deceased, parties hereto, a homestead in the property mentioned and described in the complaint herein, provided that such assignment of homestead shall in no wise alter or affect the rights of said heirs, or any of them, to the several parcels or tracts of land allotted to them respectively under the decree of Judge Witherspoon herein, no appeal having been taken from said decree."

Defendants appealed from this order and gave notice that they would also ask the Supreme Court to review the order of Judge Witherspoon.

*Held*, that it was inconsistent to maintain proceedings for partition and homestead at the same time ; the action for partition was too hastily brought; and was irregular and defective, in not making the administrator as such a party or stating that there were no debts, or, if any, a sufficiency of personalty to pay them. The order for partition was premature and was not cured by its saving clause. The order of Judge Kershaw was inconsistent in its proviso with its main purpose. It should first be ascertained "whether the personal property is sufficient to satisfy the debts of the intestate, and then to determine such questions as to partition and homestead as the parties may make."

Orders reversed. Opinion by Mr. Justice McGowan, filed October 2, 1890. *E. F. Warren*, for appellants. *W. S. Tillinghast*, contra.