7051

## RIVERS v. ATLANTIC COAST LUMBER CORPORATION.

PARTITION—TIMBER.—There being no showing which would justify this Court in overruling the conclusions of the Circuit Court, its decree that the standing timber should be sold with the land and a reference ordered to ascertain the value of the interest in the timber owned by one party, sustained.

Before MEMMINGER, J., Berkeley, February, 1908. Affirmed.

Action by Henrietta M. Rivers against Atlantic Coast Lumber Corporation, Frances D. McCay, Ella Kinard and Annie Andrews. From Circuit decree, defendant, Atlantic Coast Lumber Corporation, appeals.

*Messrs. Willcox & Willcox, LeGrand G. Walker* and *Henry E. Davis,* for appellant.

*Mr. Davis* cites: *Timber should have been set apart to appellant in kind:* Freeman on C. & P., secs. 424, 537; 2 Strob. Eq., 145; 24 S. C., 594; 4 Pom. Eq., sec. 1390; 21 Ency., 1199; 93 Ala., 85; 101 Ala., 183; 2 Ind. Eq., 607; 2 Jones Eq., 66; 69 N. C., 522; 49 Conn., 517; 11 Heisk., 669; 26 Md., 23; 3 So., 581; 75 Miss., 667; 8 Cow., 361; 37 W. Va., 143; 21 Ency., 1202. *Timber should have been sold separately:* 12 Rich., 314; 2 Strob. Eq., 145; Freeman on C. & P., secs. 436, 537; 62 S. C., 482.

*Messrs. Jervey & Cohen* and *W. A. Holman,* contra. No argument furnished Reporter.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is for the partition of lands in Berkeley county, composed of several tracts, aggre-

gating thirty-seven hundred and sixty-four acres.    Charles
G. McCay died in April, 1879, seized of the lands described
in the complaint.    By his will the lands were devised to
Thomas A. McCay for life, and upon his death to his chil-
dren then surviving.    Thomas McCay died November 1,
1905, leaving surviving him his daughters, Henrietta M.
Rivers, plaintiff, and Frances D. McCay, Ella Kinard and
Annie Andrews, defendants, and a son, Charles H. McCay,
who conveyed his interest in the land to the defendant,
Atlantic Coast Lumber Corporation, thus entitling each of
the parties to one-fifth interest in the lands.    It further
appears that on February 28, 1907, the plaintiff conveyed
to the defendant, Atlantic Coast Lumber Corporation, her
one-fifth interest in all the pine timber standing and fallen
of ten inches stump diameter and upwards twelve inches
from the ground at the time of cutting, with right of way,
etc., on 492 acres of the lands known as the McCay Reser-
vation.    The Atlantic Coast Lumber Corporation also owns
the timber on all of the McCay lands, other than the McCay
Reservation.

By consent of all parties the master appointed five dis-
interested persons to go upon the premises and report
whether or not the property could be divided in kind.    This
committee went upon the premises, and recommended that
the property be sold in five parcels.    Thereupon the master
made a report recommending the sale, first, of the timber
on the reservation of 492 acres, and then the sale of the five
subdivisions of the property in question, as they appear on
what is known as the Richardson plat.    The master further
recommended that out of the proceeds of sale there be de-
ducted from the interest to which Henrietta M. Rivers
would have been entitled the amount of money paid to her
by the Atlantic Coast Lumber Corporation, for her interest
in the timber on the McCay Reservation, and that the
remainder of the proceeds of sale of her one-fifth interest
in the entire property be paid over to her or her attorneys.

The matter came up before Judge Memminger, the only question at issue being the proper method to make partition of the reservation tract of 492 acres. Judge Memminger held that it would be impossible to partition the land in kind without injury to one or more of the tenants in common. Judge Memminger disagreed with the master as to the sale of the timber on the McCay Reservation tract separate from the land, and ordered a sale of the said tract, with the timber thereon. He further directed that the proceeds arising from the sale of the one-fifth interest of Henrietta M. Rivers be held by the master, and ordered a reference to determine the relative value of the timber and the land, so that the Court might make the proper division between Mrs. Rivers and the Atlantic Coast Lumber Corporation.

Under exception to this decree the Atlantic Coast Lumber Corporation now contends (1) that its interest in the timber should have been set apart in kind; (2) or that all the timber on the reservation tract should have been ordered sold and proceeds divided among the parties according to their respective rights.

It is true that partition is a matter of right and not of grace, and that the Court favors partition in kind when it can be fairly so made without injury to any other parties in interest,—indeed sec. 2437 of the Civil Code so directs,— but in this case the commissioners, the master and the Circuit Court all concur in the view that it is impracticable to partition in kind, and there is no such showing as would justify this Court in overruling such conclusion.

As an estate in trees may exist independently of the estate in the land, and is the subject of partition (*Knotts* v. *Hydrick,* 12 Rich., 314; *Steedman* v. *Weeks,* 2 Strob. Eq., 145), it is within the power of the court of equity to sell the timber separate from the land, but the Court is not bound to do so in all cases. The partition sought in this case involved a sale of both land and the timber thereon, and such has been ordered. If Judge Memminger consid-

ered that a sale of the land, with the timber, was the best means of realizing the full value of the property, we find nothing in the record to show reason for a different conclusion. Having determined that it was best to sell the land and timber together, it was proper to order a reference as to the relative value of land and timber, with a view to adjust partition between the parties.

The judgment of the Circuit Court is affirmed.