15968

SMITH *ET AL. v.* PEARSON *ET AL.*

(43 S. E. (2d) 479)

*Mr. O. L. Long,* of Laurens, and *Mr. J. M. Nickles,* of Abbeville, for Appellants, cite:

*Messrs. Babb & Babb,* of Laurens, for Respondents, cite:

July 10, 1947.

OXNER, Justice.

Miss Mary Maude Pearson died intestate on July 16, 1946. She owned a lot in the town of Clinton, South Carolina, upon which there are two houses, and a tract of land near Clinton containing approximately 120 acres. In addition to this real estate, she left some personal property consisting principally of jewelry, household goods, Government bonds and a certificate of deposit in a local building and loan association. Her nearest relatives were first cousins. On August 8, 1946, Mrs. Willie Bryson Perry, Miss Emma Harris and Thomas Young Harris were appointed administratrices and administrator, respectively, of this estate by the Probate

Judge of Laurens County. Both Miss Harris and Mr. Harris were first cousins of the deceased and are among the heirs at law and distributees of her estate. The administratrices and administrator duly qualified and thereafter sold the personal property. The proceeds of sale together with the certificate of deposit amounted to $3,185.40. In the meantime, a number of claims, largely growing out of the last illness and death of the deceased, were filed.

On November 7, 1946, the two administratrices and certain of the heirs at law commenced this action for the purpose of selling the real estate. Thomas Young Harris, individually and as administrator, was made a party defendant along with two other heirs at law and all other persons claiming an interest in the estate as heirs at law or otherwise. After stating the death of the intestate, the names of the heirs at law and distributees and a description of the real estate in the first three paragraphs of the complaint, plaintiffs alleged (paragraph four) : "That the personal assets of the estate have been reduced to cash but there are a number of threatened claims against the said estate which will probably be filed and there is a possibility that the personal assets will be unable to pay the claims, and in the opinion of the plaintiffs it is an ideal and advantageous time to sell the real estate for partition and division subject to the payment of any claims which might be established, and they desire that the real estate be sold at this time, that all of the assets of the estate of Miss Mary Maude Pearson be marshaled, all claims duly proven paid therefrom, and the balance be distributed among the parties to this action who are duly entitled to receive same under the orders of this Court."

The prayer is to the effect that the property be sold at public auction and the proceeds of sale, after payment of costs, including a reasonable fee to plaintiff's counsel, be turned over to the administratrices and administrator for division, after payment of all claims against the estate, among the heirs at law. A guardian *ad litem* was duly appointed to represent the interest of any unknown infant defendants

or other persons under disability. He joined in the prayer for the sale of the lands. Thomas Young Harris, individually and as administrator, filed an answer in which he alleged "that the administrators have a year within which to ascertain the indebtedness against the estate and until same is ascertained and determined it will be impossible to say whether the proceeds of the personal estate will be sufficient to pay the same or not," and that the real estate "should not be sold unless it is ascertained that same is necessary for the payment of indebtedness duly established against the estate as liabilities thereof and that personal assets are insufficient to pay such claims."

The case was referred to a referee before whom testimony was taken in January, 1947. At the outset of the hearing counsel for Thomas Young Harris stated that the complaint contained two causes of action, one for partition and the other "for sale of land in aid of personal assets for payment of debts," and moved that plaintiffs be required to elect upon which of these causes of action they would go to trial, to which plaintiff's counsel replied: "I am not required to elect. My complaint only states one cause of action, that of marshaling of assets and distribution of the proceeds of the sale to the parties entitled thereto. Suit to marshal assets and for sale of the lands." The referee at that time made no ruling on the motion. Testimony was then taken in an effort to establish the names and whereabouts of those who would constitute the heirs at law and distributees of the estate. It appeared that defendant Buddy Pearson was a first cousin of the deceased and would inherit if living, but had been unheard of for a period of twenty or thirty years. Apparently it was for this reason that any unknown heirs at law were made parties defendant. Plaintiffs also sought to show that it was then an advantageous time to sell real estate and that later the real estate market would not be so favorable. However, only one of the witnesses offered had had any experience in handling real estate and that was in North Carolina. The remaining testimony related to

"threatened" claims against the estate, from which it appeared that the wife of defendant Harris would probably file a claim of "several thousand dollars" for nursing the deceased at various times since 1935. No effort was made to show that a partition in kind of the premises was impracticable or that there was any other necessity for an immediate sale except the general assertion that the real estate market would probably go lower.

The referee filed his report on January 27, 1947. He found that the claims then filed against the estate amounted to $1,479.87; that Mrs. Harris (wife of defendant Thomas Young Harris) would probably file "a claim for several thousand dollars and the record contains inquiries of other parties who are threatening to file claims"; "that real estate is now bringing a very good price indeed but not as good as it was some time back and that it is a good time to sell this real estate"; and that it would be "for the best interest of all the parties concerned, including the creditors," for the real estate to be sold at the earliest possible time. He concluded as a matter of law that the motion to require plaintiffs to elect made at the beginning of the hearing should be denied because no written notice of the motion was given; that the sufficiency of the complaint was not challenged by demurrer; "that the complaint contained only one cause of action which was a combination of a suit in partition and one for the marshaling of assets for the protection of creditors"; and that the plaintiffs were entitled to the relief demanded. He accordingly recommended a sale of the premises at public auction and that the proceeds of sale, after the payment of the costs of the action and taxes, be turned over to the administrators of the estate for disbursement under orders of the Probate Court. There were numerous exceptions to this report by defendant Harris. Among other questions raised by these exceptions was the contention that the evidence was insufficient to establish a cause of action either for marshaling assets or for partition.

The appeal from the report of the referee was heard by Judge Bellinger. In a decree filed on March 4, 1947, he held that "neither the allegations of the complaint nor the proof offered in support thereof state a cause of action for partition, nor do they support a cause of action for a creditor's bill coupled with a partition"; that under the authority of *Temple et al. v. Montgomery et al.*, 157 S. C. 85, 153 S. E. 640, defendant Harris was precluded from raising these questions because he failed to challenge the sufficiency of the complaint by demurrer; that had the guardian *ad litem* fully protected the interest of his wards, he would have raised these questions, but having failed to do so, the "Court has both the right and it is its duty to protect the rights of the unknown infant defendant." Accordingly the Court below dismissed the action.

Plaintiffs have appealed from this decree on various exceptions and defendant Harris, who is the sole respondent on this appeal, seeks to sustain the decree on the additional grounds stated in his exceptions to the report of the referee.

We have had some difficulty in ascertaining the construction which appellants give to their complaint. Judge Bellinger states in his decree that appellants took the position before him "that this is a bill in equity covering the situation described in the complaint. It is not a suit for partition, nor is it a suit to sell land in aid of personalty. It partakes more of an action to marshal assets and could be so construed." In their brief appellants say: "We contended on the trial and contend now that it (complaint) can and should be construed as a bill in equity combining the elements of a partition suit and an action to marshal assets."

We think appellants are bound by the statement made at the beginning of the hearing to the effect that the action was one to marshal assets. Although there was no notice given of respondent's motion to require appellants to elect, the purpose of the motion was accomplished when counsel stated that only one cause of action was stated in the complaint which was "that of marshaling of assets and dis-

tribution of the proceeds of the sales to the parties entitled thereto."

It is apparent that appellants have not established any case for marshaling assets. It does not yet appear that it will be necessary to sell the real estate in order to provide funds for the payment of claims against the estate. The administrators now have on hand twice the amount necessary to pay all claims that have been filed. None of the "threatened" claims have yet been filed and if filed, they doubtless will be contested. The liability, if any, of the estate on such claims cannot now be determined and must await a final adjudication. Moreover, there are no conflicting interests between creditors or overlapping liens. It is not sought to have creditors called in and required to establish their claims in this action. No good reason appears why this estate cannot be administered in the usual way. The fact that "it is a good time to sell this real estate" does not constitute a proper ground for marshaling assets.

While appellants, on account of the statement made by counsel before the referee at the beginning of the hearing, are restricted to a cause of action for marshaling assets, it would be of no aid to them to consider the complaint as also including a suit for partition. A proper showing for partition has not been made. This action was commenced about four months after the death of the intestate and about three months after the appointment of the administrators, or before the time had expired for filing claims against the estate. It would seem that the action, if one for partition, was rather hastily brought. *Williams v. Mallory et al.,* 33 S. C. 601, 11 S. E. 1068; *Ex parte Worley,* 49 S. C. 41, 26 S. E. 949. In any decree for partition it would be necessary under the terms of Rule 54 of the Circuit Court to make "due provision" for the payment of the debts of the deceased. If we assume that the requirements of this rule are met and the rights of the creditors protected by turning the net proceeds of sale over to the administrators of the estate for disbursement under the orders of the Probate Court, the

showing for partition would still be insufficient since it does not appear from the testimony that a partition in kind would be impracticable or inexpedient. Section 8829 of the 1942 Code. "The court favors partition in kind when it can be fairly so made without injury to any other parties in interest." *Rivers v. Atlantic Coast Lumber Corporation*, 81 S. C. 492, 62 S. E. 855, 856. The burden was upon appellants to prove that partition in kind would not be practicable or expedient. As stated in 47 C. J., page 457: "Although not universal the general rule is that, until the contrary is made to appear, the presumption prevails that partition in kind is feasible and should be made, and that the burden is on those who ask a sale of the premises in lieu of a partition in kind to show the existence of a statutory ground for a sale."

We, therefore, think the lower Court correctly held that the proof was insufficient to establish a cause of action for either marshaling assets or partition, but we are not in accord with the conclusion that respondent is precluded from raising the question because he failed to challenge the sufficiency of the complaint by demurrer. Respondent is not now making an attack upon the complaint. He is challenging the sufficiency of the proof. Hence the rule laid down in *Temple v. Montgomery, supra,* does not apply. The question of the sufficiency of the evidence is properly raised by the exceptions to the report of the referee and is properly before us since it is included in the additional grounds upon which respondent asks that the judgment below be sustained. The general rule is that if the proof fails to show a cause for equitable relief, a bill in equity will be dismissed on a final hearing even though the sufficiency of the complaint was not questioned by demurrer. *Masser et al. v. London Operating Co.,* 106 Fla. 474, 145 So. 72; *Rummel v. Young et al.,* 107 W. Va. 512, 149 S. E. 166; *Ward v. Hotel Randolph Co. et al.,* 65 W. Va. 721, 63 S. E. 613; *Ragland v. Board of Missions for Freedmen of the Presbyterian Church,* 224 Ala. 325, 140 So. 435.

There are various other questions raised which we find it unnecessary to pass upon. For the reasons stated, we are satisfied that the conclusion reached by the Court below is correct.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and TAYLOR, JJ., concur.