18281

A. T. CUMBIE, JR., Appellant, v. George CUMBIE, Ellen Cumbie Newberry, Juanita Cannon Cumbie, Johnny Raymond Cumbie, Juanita Cumbie, Bernice Enter Strong, Frank C. Enter and Minor Defendants over the age of Fourteen (14) Years, Oscar Bernard Cumbie, Dan Rhett Cumbie, Frannie Cumbie, and the Minor Defendant under the age of Fourteen (14) Years, Annette Cumbie, Respondents.

(139 S. E. (2d) 477)

108

*T. Kenneth Summerford, Esq.,* of Florence, *for Appellant,*

*Messrs. Connor & Connor* and *Rogers E. Harrell,* of Kingstree, *for Respondents,*

December 9, 1964.

BUSSEY, Justice.

In this action plaintiff-appellant sought *inter alia,* a partition in kind of two tracts of land, one containing approximately fifty acres and the other containing approximately fifteen acres, and, in the event that a partition in kind could not be had, for a partition by sale. The fifty acre tract of land was owned by Arthur T. Cumbie who died intestate in 1914, and the fifteen acre tract was set aside to the heirs of Arthur T. Cumbie, in 1958, as a result of a partition of a larger tract in which Arthur T. Cumbie owned an interest. At the time of his death Arthur T. Cumbie was survived by his widow, Lula Cumbie, and four children, namely: the appellant A. T. Cumbie, Jr., Ellen Cumbie Newberry, George Cumbie, and John Cumbie who subsequently died intestate in 1959, leaving as his heirs at law his widow, Juanita Cannon Cumbie, and six children, namely: Johnny R. Cumbie, Juanita Cumbie, Oscar B. Cumbie, Dan R. Cumbie, Frannie Cumbie, and Annette Cumbie, of whom the last four named were minors at the time of the commencement of this action.

The widow of Arthur T. Cumbie, Lula Cumbie, was remarried to one Charlie Enter and as a result of this marriage two children were born, to wit: Bernice Enter Strong and Frank C. Enter, an incompetent. Lula C. Enter died intestate in September 1961, leaving surviving her as her heirs at law all the parties to this action, her second husband having predeceased her.

Lula Cumbie Enter owned a one-third interest in the fifty acre tract of land as an heir of Arthur T. Cumbie, which interest she conveyed to Ellen Cumbie Newberry by deed dated August 21, 1956. At the time of her death the only estate of which she was seized and possessed was an undivided interest in the fifteen acre tract of land acquired by the heirs of Arthur T. Cumbie by virtue of the partition deed aforementioned.

Located on the fifty acre tract was a four room house where Lula Cumbie Enter continued to live even during her marriage to Enter, and for a number of years she carried on a relatively small farming operation, apparently planting one acre of tobacco and four acres of cotton. With minor exceptions, Ellen Cumbie Newberry continued to live there with her mother all of her life. Ellen was thrice married, but her first two husbands lived only briefly and she married Newberry about 1950. All of her said husbands lived at the place. Lula Cumbie Enter suffered a stroke about the year 1943 and was thereafter more or less an invalid until her death in 1961, being cared for by Ellen. Although the record shows that for several years Ellen and her husband, Newberry, took charge of the small farming operation, it is readily inferable that Lula Cumbie Enter received all of the benefit thereof and more besides, since there is not even a suggestion in the record that she had any other source of income. Mr. Newberry for the most part was employed away from home.

Although disputed by the plaintiff-appellant, the clear weight of the evidence is that Ellen Cumbie Newberry, with the approval of her mother and all of the heirs of Arthur T. Cumbie and at her own expense, rebuilt the Cumbie residence from the ground up as the old home had become too dilapidated for occupancy, and, in addition, enlarged the same and built certain outbuildings.

At some time, apparently about 1950, the appellant built a small house on the fifty acre tract of land with the permission of the other heirs of Arthur T. Cumbie, but thereafter, without any partition of the real estate, sold the same to his brother John who considerably improved and expanded the same, including the building of certain outbuildings.

According to an answer filed by her, about which more will be said later, Bernice Enter Strong at some unspecified date erected upon the fifty acre tract of land, with the consent and approval of the heirs of Arthur T. Cumbie and at her own expense, a residence.

When Lula Cumbie Enter died in 1961 the expenses of her last illness and funeral amounted to $1,141.73. Following the death of Mrs. Enter, Mrs. Newberry, for the purpose of paying such expenses, with the cooperation of her brother George Cumbie, sold certain timber cut principally from the fifty acre tract, for which she received the sum of $1,012.06, all of which was applied to the payment of said expenses. The balance of the expenses was paid by Mrs. Newberry, she using in part for such purpose proceeds of an insurance policy in the amount of $64, upon which said policy Mrs. Newberry had paid the premiums. This manner of clearing up the debts of Mrs. Enter apparently met with the full approval of everyone concerned except the appellant. He testified that he did not want the timber sold, would not give his permission thereto, and offered to pay one-third of his mother's expenses. There is no evidence, however, that he paid or actually attempted to pay any part thereof. Appellant's complaint prayed that Mrs. Newberry and George Cumbie be required to give an accounting with respect to the aforementioned timber.

The cause was duly referred to a special referee who, after a reference, filed a report wherein he recommended that the accounting just above referred to be denied; found that the real estate could be partitioned in kind, and recommended that a writ of partition be issued in accordance with the law. He further concluded that Bernice Enter Strong, Ellen Cumbie Newberry, and the heirs of John Cumbie should have set apart to them the improvements made upon the land, and that such improvements not be taken into consideration as portions of their respective interests in the land.

Only the appellant excepted to the report of the special referee, and, in a rather brief order, the circuit court recited that the fifteen acre tract of land had already been sold by consent of counsel; ordered that a writ of partition be issued, and further ordered that in the event the commissioners decided that the fifty acre tract could be divided in

kind, without material injury to the rights and interests of the parties, the portions of Ellen Cumbie Newberry, Bernice Enter Strong, and the heirs at law of John Newberry (John Cumbie) "be surrounding the improvements they made and that the improvements of these defendants not be considered as a part of their interest in the land, giving credit to them for the improvements they made on the common property; * * *."

The special referee did not separately state his findings of fact and conclusions of law. The order of the circuit judge did not contain any findings of fact, nor does it purport to confirm the referee's report in its entirety. In addition, the order of the circuit court makes no mention of certain exceptions to the report of the referee.

The appeal here is from the order of the circuit judge, and a number of the exceptions are either not properly framed, or not properly addressed to this court, all of which circumstances combine to make the task of this court, at the best, tedious and difficult. We have, however, endeavored to state the facts accurately and fairly, and will endeavor to determine the issues properly before this court.

The record will reflect that certain pertinent and very important matters have been overlooked, at least to some extent, by the special referee and apparently totally overlooked by the circuit judge and counsel. Because of the fact that there is one mentally incompetent person and several minors who are defendants-respondents here, we now go into these matters *ex mero motu,* before proceeding to consider exceptions of the appellant.

It is the duty of the court, as well as that of the guardian *ad litem* and his attorney, to see that the rights of minor and incompetents are protected. *Hodge v. De-Laine,* 137 S. C. 337, 135 S. E. 357. While the record indicates that a guardian *ad litem* was appointed for the incompetent and minors, it also appears that no answer was filed by such guardian *ad item* on behalf of either the incompetent or

the minor defendants. The minor defendants were all children of John Cumbie, deceased, and counsel did file an answer on behalf of all heirs of John Cumbie, naming them, but without any reference to the minority of some of them or to the appointment of any guardian *ad litem* for them. In this connection, the court calls attention to the cases collected in 11 West's South Carolina Digest, Infants, Sec. 85, dealing with the duties, liabilities and responsibilities of guardians *ad litem*. Particular attention is called to the cases of *Cagle v. Schaefer,* 115 S. C. 35, 104 S. E. 321, and *McIver v. Thompson,* 117 S. C. 175, 108 S. E. 411. It is quite apparent here that the guardian *ad litem* for the incompetent and minor defendants treated the appointment as a pure formality, and, as far as the record goes, made no effort whatever to protect the interests of either the incompetent or said minors.

The conclusions of the special referee and the circuit judge with respect to the rights, if any, of the respondent Bernice Enter Strong, rather fully reflect, we think, what can readily result from the failure to exert any effort toward the protection of the rights of minors and incompetents. The said Strong, being a child of Lula Cumbie Enter by the second marriage, clearly had no interest in the fifty acre tract of land, unless she inherited the same from her mother, as she was not an heir at law of A. T. Cumbie. It is undisputed in the record that the said Lula Cumbie Enter, in 1956, deeded all of her right, title and interest in the fifty acre tract of land unto her daughter, Ellen Cumbie Newberry, following which she owned no interest in said tract which the respondent Strong could inherit. The validity of the aforesaid deed is not in issue.

According to the answer of the respondent Strong, at some unspecified date prior to the death of her mother she erected a residence on the fifty acre tract of land with the permission of her mother and the other tenants in common of said tract. Just how she obtained the permission of the minor tenants in common, if such were then involved, is not

even suggested. She asked in her answer that the land be divided in kind, that sufficient land be set aside to her to include the improvements made by her, and that the value of said improvements be not taken from her interest in such lands. Apparently recognizing that she probably had no interest in the fifty acre tract, she also asked that in the event that it should be determined by the court that she owned no interest, she be allowed and permitted to remove therefrom the improvements erected by her.

While she filed an answer, the respondent Strong did not appear at the reference as a witness or otherwise, and the testimony of no other witness even mentioned the improvements allegedly erected on the fifty acre tract by the said Strong.

The special referee correctly found that Strong owned a one-sixth undivided interest in and to the fifteen acre tract of land, but owned no interest in the fifty acre tract where the improvements were allegedly constructed by Strong. He did not pass upon the prayer of her answer to the effect that she be allowed to remove the improvements allegedly erected by her on the fifty acre tract, but concluded that the house allegedly erected by Strong should be set off to her by a partition in kind, without being considered a part of her interest in the property. Just how the referee thought this could be accomplished when Strong did not own an interest in the property is not suggested. Conceivably, he may have had the idea that upon a partition in kind she could be allowed a portion of the fifty acre tract, where the house supposedly stood, in lieu of her portion in the fifteen acre tract in which she owned an interest, but the report of the referee does not say this. Without attempting to pass upon whether such a partition could have been legally accomplished, we point out that there was not one whit of evidence in the record to support the claim of Strong. Moreover, when the matter was before the circuit court, on exceptions, such a partition could no longer have been accomplished because the order of the circuit court reflects that the fifteen acre

tract had then already been sold by agreement among the attorneys. Nevertheless, the order of the circuit court included and protected Bernice Enter Strong and her improvements in the partition in kind of the fifty acre tract, in which tract she clearly owned no interest whatsoever.

No exception was taken to the referee's report, except by appellant, and his exceptions did not raise either the issue of no title or interest in the fifty acre tract being vested in Strong, or the issue of failure of proof in support of the claim of Strong, and again, on appeal to this court, no exception raises either of these issues. This court, however, is obligated to take notice thereof since the rights of minors are involved and would be adversely affected by allotting to Strong any portion of the fifty acre tract. The incompetent, Frank Enter, owns no interest therein. As the record now stands, we hold only that Bernice Enter Strong has failed to prove her claim as to improvements and owns no interest in the fifty acre tract which would entitle her to participate in a partition in kind of that tract of land.

Appellant's first exception imputes error to the circuit judge in having failed to rule on the appellant's third and fourth exceptions to the report of the special referee, which were as follows:

"3. In finding that an accounting is not necessary as to the sale of the timber cut on the land in question.

"4. In finding that the defendant, Ellen Cumbie Newberry, paid all of the expenses and debts of Lula Cumbie Enter."

While we think the circuit judge should not have ignored these exceptions, the argument of appellant here fails to show to this court any prejudice resulting to the appellant as a result of the failure of the circuit judge to rule thereupon. Briefly, the record shows without question that Ellen Cumbie Newberry, with the cooperation of her brother George, sold certain timber, principally from the fifty acre tract of land, the entire proceeds of which were applied to the payment of the funeral expenses and the ex-

penses of the last illness of Lula Cumbie Enter, the payment of such expenses being the sole purpose of the sale. The remainder of such expenses were paid by the said Ellen Cumbie Newberry with her personal funds. Apparently no member of the family, except the appellant, had any objection to such procedure. The record does not reflect that Lula Cumbie Enter was possessed of any estate at the time of death other than her interest in the fifteen acre tract of land.

Ellen Cumbie Newberry owned a one-half interest in the fifty acre tract. As a result of the method adopted by Mrs. Newberry in paying her mother's expenses, she, in effect, paid more than one-half thereof. If she had not done so and left all such expenses as a charge against the interest of Lula Cumbie Enter in the fifteen acre tract, of which interest Mrs. Newberry inherited one-sixth, the ultimate portion of the expenses paid by Mrs. Newberry would have been greatly less. So far as the appellant is concerned, since he owned a one-sixth interest in the fifty acre tract, he was, in effect, caused to pay toward the expenses of his mother, one-sixth of the amount received from the timber sale, or $168.68. He insisted that he was ready, willing and able to pay one-third of his mother's debts and expenses, which would have amounted instead to $380.58. Had Mrs. Enter's expenses not been paid in some manner, the appellant having inherited one-sixth of his mother's interest in the fifteen acre tract, such interest of appellant therein would have been chargeable to the extent of one-sixth of the debts and expenses, or the sum of $190.29, plus his pro rata share of the cost of administering upon the estate of his mother and any expense of sale.

While the record contains no indication whatever as to the value of the fifteen acre tract of land, or the interest of the appellant therein, which would have been subject to the debts and expenses of his mother, the foregoing circumstances and calculations tend to show, under any view, the likelihood that appellant was benefited, rather than harmed, by the timber sale.

In any event, the burden here was on appellant not only to show error, but resulting prejudice, and his argument on appeal does not even suggest wherein he was prejudiced by either the transaction, the ruling of the referee thereabout, or the failure of the circuit judge to rule with respect to the same. This exception is, therefore, without merit. *McCallum v. Grier,* 86 S. C. 162, 68 S E. 466.

The second exception imputes error to the circuit judge in ordering a writ of partition, it being contended that the evidence clearly showed the property cannot be fairly and equitably divided in kind. All of the parties, with exception of the appellant, want the property divided in kind, and the entire weight of the evidence is to the effect that it can be fairly and equitably divided in kind. The circuit judge simply held that the appellant had failed to sustain the burden of showing to the court that a writ of partition would involve unnecessary expense and that such partition in kind could not be fairly and equally made, and would not be practical or expedient. That his Honor was correct in this ruling is clear from the decision in the case of *Smith v. Pearson,* 210 S. C. 524, 43 S. E. 2d 479, from which we quote as follows:

" 'The court favors partition in kind when it can be fairly so made without injury to any other parties in interest.' *Rivers v. Atlantic Coast Lumber Corporation,* 81 S. C. 492, 62 S. E. 855, 856. The burden was upon appellants to prove that partition in kind would not be practicable or expedient. As stated in 47 C. J., page 457: 'Although not universal the general rule is that, until the contrary is made to appear, the presumption prevails that partition in kind is feasible and should be made, and that the burden is on those who ask a sale of the premises in lieu of a partition in kind to show the existence of a statutory ground for sale.' "

The appellant's third exception imputes error to the circuit judge in holding that the defendants Ellen C. Newberry, Bernice Enter Strong and the heirs of John Cumbie were en-

titled to the improvements made on the land inasmuch as the evidence and testimony clearly show that said defendants "have had the use and enjoyment of said property and improvements thereon without paying rent or compensation." What we have hereinabove said disposes of this exception with respect to Bernice Enter Strong.

With respect to the other defendants-respondents mentioned therein, the said exception is not entitled to consideration. The appellant did not except to the special referee's recommendation that the heirs of John Cumbie be given the benefit of the improvements purchased or constructed by him. He did except to the recommendation that Mrs. Newberry be allowed the benefit of her improvements, but assigned no ground of exception. Here, the entire basis of the present exception is that the parties "had the use and enjoyment of said property with the improvements thereon without paying rent or compensation." As far as the record shows, the issue raised thereby is urged for the first time on appeal before this court. The complaint of the plaintiff makes no mention of rents, profits, use or enjoyment. No evidence was introduced as to specific profits, if any, and there was no evidence as to any rental value, or the value of the use and enjoyment, of the portions of land where the improvements were situate, except that the widow of John Cumbie did testify that she had collected a small amount of rent on one or more occasions on the John Cumbie house. The referee did not pass upon any issue dealing with rents, profits, use, benefit or enjoyment, and, as far as the record shows, no contention thereabout was made before the circuit judge.

Appellant's fourth exception attempts to raise for the first time an issue as to the interest of Lula Cumbie Enter in and to the fifteen acre tract, which issue cannot, of course, be raised for the first time on appeal. The remainder of appellant's exceptions impute various errors to the special referee, rather than to the circuit judge. Of course, exceptions to the report of the special referee, if timely made,

are addressed to the circuit court and not to this court. A review of the record shows that the appeal is totally without merit and, execpt as herein modified with respect to the interest of Bernice Enter Strong, the judgment of the lower court is hereby affirmed.

Modified and affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.