19250

Etrulia McCURLEY, Respondent, v. The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and the City of Anderson, Appellants.

(182 S. E. (2d) 299)

*Robert L. Waldrep, Jr., Esq.,* of Anderson, *for Appellant,*

*Messrs. Anderson, Kenyon & Epps,* of Anderson, *for Respondent,*

July 6, 1971.

Lewis, Justice.

This action was brought against the City of Anderson and The South Carolina Highway Department to recover damages to plaintiff's real property, upon the theory that the damages amounted to a taking of private property without just compensation, within the meaning of Article 1, Section 17, of the South Carolina Constitution. Upon the trial of the case and the conclusion of the testimony, the Highway Department was, on motion, eliminated from the case and the action proceeded to judgment against the city, from which the city has appealed.

The sole question to be decided is whether the plaintiff's cause of action was barred by the Statute of Limitations. Section 10-143, 1962 Code of Laws. Admittedly, recovery is barred under the statute if the suit was not brought within six (6) years after the cause of action accrued.

Plaintiff's property, acquired by him in 1958, consisted of a house and lot located on Tanyard Branch, in the City of Anderson, South Carolina, immediately downstream from a culvert which carried the water in the branch under Orr Street. Plaintiff's house was constructed by a prior owner in the nineteen thirties and the original culvert under Orr Street was installed over forty (40) years ago. At that time, the branch was narrow enough to step across, but during subsequent years, because of building in the area, the amount and velocity of the water increased, resulting in a gradual erosion and widening of the stream adjacent to the property in question. Although there was a gradual erosion, no appreciable damage was done because of the construction by the city in 1953 or 1954 of an adjacent concrete retaining wall and other work done to protect the land. However, in the winter of 1964-65, because of heavy rains in the area and the inadequacy of the culvert, water

was caused to pond upstream, above Orr Street, causing the water to overflow the street and flow through the culvert in such force and quantity as to wash away about twenty (20) feet of plaintiff's lot and undermine his house, rendering it unhabitable.

Subsequently, on January 2, 1969, a second culvert was installed under Orr Street which has remedied or abated the cause of the damage. This action was instituted in February 1969.

The principles governing the application of the Statute of Limitations in cases of this kind are well settled and need not be here reviewed. *Conestee Mills v. City of Greenville,* 160 S. C. 10, 158 S. E. 113; *Webb v. Greenwood County,* 229 S. C. 267, 92 S. E. (2d) 688; *Hilton v. Duke Power Co.,* 4 Cir., 254 F. (2d) 118.

The *Hilton* case, involving South Carolina law, gives the following concise summary of the principle which governs this case:

If the injury to neighboring lands is caused by negligence, or if the cause is abatable, then there arises a continuing cause of action, and while limitations begin to run at the occurrence of the first actual damage, the landowner may at any time recover for injury to his land which occurred within the statutory period.

As reasoned in *Conestee, supra,* the cause of the injury to plaintiff's land was clearly abatable, as is shown by the fact that the installation of an additional culvert under the street admittedly remedied the problem of which plaintiff complains. The damages for which recovery was sought occurred during the winter of 1964-65, within six years of the bringing of the action in February 1969.

The present action was, therefore, not barred by the Statute of Limitations, and the judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.