### 20356

Robert HAMMOND, Jr., by Robert L. Hammond, his guardian *ad litem,* Appellant, v. Anthony SCOTT, a minor, and Stephen W. Dover, Defendants, of whom Stephenson W. Dover is, Respondent. Robert L. HAMMOND, Appellant, v. Anthony SCOTT, a minor, and Stephenson W. Dover, Defendants. of whom Stephen W. Dover is, Respondent.

(232 S. E. (2d) 336)

*Messrs. Luther M. Lee* and *Kenneth M. Suggs,* of Columbia, *for Appellant,*

*Messrs. Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for Respondent,*

February 4, 1977.

*Per Curiam:*

This action arises out of an incident in which plaintiff Robert Hammond, Jr. (Bobby), was struck in the eye by a nail thrown by Anthony Scott (Anthony), during a woodworking class taught by defendant Stephen W. Dover (the Teacher) at Hopkins Junior High School. It is a tort action, brought by Bobby against both Anthony and the Teacher, based on alleged negligence, willfulness and wantonness.

After the pleadings had been filed and depositions taken, defendant Teacher moved for summary judgment on the ground that he was "guilty of no actionable negligence and breached no legal obligation to the plaintiffs; said motion to be based upon the pleadings, depositions, affidavits, and any other evidence that may be received by the court." The lower court granted summary judgment to the Teacher. This appeal followed.

Upon a consideration of the motion, the lower court had before it the depositions of the plaintiff, Bobby, of the defendant, Anthony, and of the defendant Teacher, and also an affidavit by J. E. Brown, principal of the high school, regarding disciplinary procedures. Counsel for both Bobby and the Teacher were, of course, at liberty to present any other affidavits and to make any showing which might be helpful to the court in determining whether there was or was not a genuine issue of material fact, as contemplated by our Summary Judgment Rule, No. 44. The depositions were full and exhaustive. If any other potential witness has any different relevant testimony, the same has not been pointed out to the Court.

The following is a summary of the facts as developed in the lower court:

On November 19, 1975, the Teacher was conducting a woodworking shop class in the school. The classroom was not a conventional one, but had work benches, tools, etc. Bobby was standing approximately two feet from a large trash barrel, talking with another student. As Bobby turned his head, he was struck in the eye by a nail aimed at the trash barrel and thrown underhandedly by Anthony. Anthony had picked the nail up off the floor and thrown it a distance of some 15 or 20 feet in the direction of the trash barrel. Anthony said that he did not see Bobby at the time the nail was thrown. There were no ill feelings between the two, and Bobby stated that the occurrence was "an accident." At the time of the incident, the Teacher was in the "projects" room adjacent to the woodworking shop area. At the moment, he was standing with his back to the shop area, assisting other students in putting their work projects away. The Teacher did not know of the incident until after it occurred.

It appears that on previous occasions some of the students had thrown objects into the trash barrel from a few feet away. The practice was not sanctioned by the Teacher and any student caught throwing objects into the trash barrel would be called down. All of the students knew that this was a forbidden act and Anthony had been admonished once before. The Teacher had instructed the students to drop items into the trash barrel rather than to throw them at it.

The negligence alleged against the Teacher is as follows:

"(a) In failing to properly supervise his students;

"(b) In failing to discipline his students to prevent them from throwing objects in the classroom;

"(c) In failing to remove Defendant, Anthony Scott, from the classroom when his misbehavior became dangerous to others;

"(d) In failing to warn his students of the dangers of throwing objects in the classroom."

We agree with the lower court, which found that there was no genuine issue as to any material fact on the negligence issue; and affirm. The showing submitted would necessitate the granting of a directed verdict and there is no showing that other evidence would be available.

While the question of teacher liability has apparently never been before this Court, there is a wealth of authority elsewhere dealing with the subject. Many jurisdictions are in general agreement that a teacher can be liable for injury to students under their supervision if an injury is caused by the teacher's negligence or failure to exercise reasonable care to protect the students. *Eastman v. Williams,* 124 Vt. 445, 207 A. (2d) 146 (1965); *Sewell v. London,* Tex. Civ. App., 371 S. W. (2d) 426 (1963).

In 78 C. J. S. *Schools and School Districts* § 238 c, we find the following statement: "A teacher in the public schools is liable for injury to pupils in his charge caused by his negligence or failure to exercise reasonable care. . . . The mere fact that an accident happened in which a pupil was injured does not render the teacher liable, and a teacher or principal is not liable for injuries to a pupil where he was not negligent or where his negligence was not the proximate cause of the injury."

Applying the law to the present case, it must be determined whether the Teacher acted reasonably or unreasonably in relation to that which occurred in his classroom. There can be no doubt but that the reasonableness of the Teacher's conduct is normally a question of fact for a jury. However, given the facts before us, the only reasonable inference arising therefrom is that the Teacher acted reasonably under the circumstances and therefore was, as a matter of law, not negligent.

The gravemen of the argument of Bobby's counsel is that if the Teacher had on previous occasions dealt more sternly

with rule infractions and disciplinary matters, Anthony might not have thrown the nail. The contention is mere conjecture short of creating a reasonable inference that the Teacher failed to perform his duty in supervising the activity of the students and classroom.

Counsel also argues that the Teacher was negligent because he was not in the classroom at the moment the incident occurred. We disagree. It is, of course, impossible for a teacher to personally supervise each student under his care every moment of the school day. This is especially true in a situation such as a woodworking class in which students are involved in numerous projects, either by themselves or in small groups. A teacher must necessarily rely, to some extent, on the responsibility and maturity of his students to conduct themselves in a proper and safe manner.

Counsel for Bobby argues vigorously that the showing made required the judge to order the case to trial before a jury. The manifest purpose of a summary judgment is to obviate delay where there is no real material issue of fact. A court should never attempt to determine contested material factual issues on a motion for a summary judgment. A court, in making its determination, must give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. There is before us, however, one of the rare cases in which summary judgment was correctly granted on the negligence issue. Bobby also sought summary judgment and apparently pretrial discovery was complete. Counsel had the right to present additional affidavits. A party cannot escape summary judgment on the mere hope that something may develop at the trial, or by remaining silent and later claiming additional facts supporting a cause of action.

We have referred to the case of Bobby versus Anthony and the Teacher. In addition, Bobby's father, Robert L.

Hammond, has brought a companion action against the same defendants. Our ruling applies in both cases.

Having found that summary judgment was properly granted, it follows that the lower court is

Affirmed.