21645

John R. VAUGHN, Edwin B. McGee, Myra M. McMeekin, and Iva Lee R. Kellett, as Exetutrix of the Estate of J. N. Kellett, Appellants, v. A. E. GREEN CO., INC., Respondent.

(287 S. E. (2d) 493)

*W. Howard Boyd, Jr., of Rainey, Britton, Gibbes & Clarkson,* Greenville, *for appellants.*

*Adam Fisher, Jr., Greenville, for respondent.*

February 18, 1982.

NESS, Justice:

This appeal is from an order granting summary judgment in favor of respondent, Green. We reverse.

Appellant, Vaughn's property was destroyed by fire. His insurance carriers settled the claim and thereafter filed this action in Vaughn's name alleging negligent and reckless acts

by Green, seeking recovery pursuant to S. C. Code § 38-9-370 (1976).

The property had been leased for several years by Green for use as a service station. The fire started when two of Green's employees were cleaning grease and dirt from the floor of the garage using a mixture of gasoline and kerosene, which was ignited by the pilot light of a water heater.

Green moved for summary judgment on the basis there is no disputed material question of fact. The trial court granted Vaughn a thirty day continuance pursuant to Circuit Court Rule 44, as Vaughn had been unable to complete discovery.

After the expiration of the thirty days, the lower court granted respondent summary judgment based on the affidavits and depositions filed by the parties. The ruling was premised on § 38-9-370, S. C. Code, 1976, which requires an insurer to prove intentional or reckless acts by a tenant in order to recover against the tenant for damaging a landlord's insured property.

Appellant, Vaughn contends the trial court erred in granting summary judgment.

Summary judgment should be granted only where it is perfectly clear that *no* issue of fact is involved. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980); *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978).

According to the affidavit of two witnesses, Chester Brooks and Joe McCraw, the employees causing the fire realized the danger of using gasoline for cleaning and knew of the existence of the pilot light on the water heater. They had also been specifically instructed not to use gasoline for cleaning. In spite of this, they used gasoline and caused the fire. Whether such actions constitute negligence or reckless disregard is a question of fact which could not be determined on a motion for summary judgment. See cases enumerated at West's S. C. Digest, Judgment, Key No. 181(2).

Appellant's remaining exceptions need not be addressed for determination of this appeal.

The case is remanded to the lower court for determination by the jury.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.