0331

George E. DAVIS, and Andrea T. Davis, as Guardians ad Litem for Bryan Scott Davis, a minor over 14, Appellants, v. PIEDMONT ENGINEERS, ARCHITECTS AND PLANNERS, P.A., and Leslie Jane Harding, Defendants, of whom Leslie Jane Harding is Respondent.

(324 S. E. (2d) 325)

Court of Appeals

*Eugene C. Covington, Jr.,* of *Foster, Covington & Patrick,* Greenville, *for appellants.*

*Robert C. Wilson, Jr.,* of *Haynesworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for defendants.*

*James H. Watson* and *Gwendolyn G. Embler,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Sept. 18, 1984.

Decided Dec. 11, 1984.

BELL, Judge:

This is a negligence action. Bryan Davis was injured when he fell in a darkened school classroom during a power failure. His parents, as guardians, brought separate actions for medical expenses and for personal injuries alleging, among other things, negligent supervision on the part of Jane Hardin, Bryan's teacher. The two actions were consolidated for trial. The trial judge granted Hardin's motion for summary judgment. Davis appeals. We reverse and remand for trial.

Summary judgment should be granted only when there is no genuine issue of material fact, and where it appears the moving party is entitled to judgment as a matter of law. *Jones Leasing, Inc. v. Gene Phillips & Associates,* S. C., 318 S. E. (2d) 31 (S. C. App. 1984). In ruling on the motion, the evidence and inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party. *Coleman v. Shaw,* S. C., 314 S. E. (2d) 154 (S. C. App. 1984).

The undisputed facts are as follows. In October 1978 Bryan Davis was a ninth grade student at Riverside High School. On October 17, Jane Hardin, a substitute teacher, was assigned to teach Davis's class. The classroom was located in the interior of the school building and had no windows.

Between twenty-five and thirty students were present.

Shortly after class began, Riverside High experienced a power failure. The classroom was plunged into darkness. Hardin told the students to remain in their seats. She then opened one of two doors to the classroom and left the room. On her way out she asked that someone open the second door. Davis left his seat and opened the door. The power outage had affected the hallway as well as the classroom itself, so opening the classroom doors admitted only minimal light. Davis testified that, even after opening the door, he could not see his way back to his desk. On his way back to his seat, he stumbled in the darkness and fell, striking his right eye and injuring it seriously.

In his order the trial judge narrowed the issues to a single question: Was Hardin negligent in requesting someone to open the door? He concluded that the request was reasonable and that, as a matter of law, no inference of negligent conduct could arise therefrom.

Whether an act constitutes actionable negligence may be a question of fact, even though the act itself is not disputed. *See Vaughn v. A. E. Green Co.,* 277 S. C. 392, 287 S. E. (2d) 493 (1982). In such circumstances, the question of negligence cannot be determined on a motion for summary judgment. *Id.* In light of the obvious dangers attendant on crossing a darkened classroom, we hold a jury issue is presented regarding the reasonableness of Hardin's request. Therefore, the granting of summary judgment was error.

Hardin places principal reliance for sustaining the judgment on the case of *Hammond v. Scott,* 268 S. C. 137, 232 S. E. (2d) 336 (1977). That case is distinguishable. In *Hammond,* the plaintiff was injured when a nail thrown by another student struck him in the eye. In his complaint, Hammond claimed that the teacher had failed properly to discipline students who tossed trash into the trash can. The undisputed evidence, however, was that students had in fact been reprimanded for this kind of misbehavior, and all knew that it was forbidden. Affirming the grant of summary judgment, the Supreme Court held that, under the facts in evidence, the schoolteacher's conduct was reasonable as a matter of law.

In this case we are faced, not with a student who had disobeyed his teacher, but with one who has done exactly as

he was asked. The real issue here is whether a reasonable person in Ms. Hardin's position would have asked a child to leave his seat, a place of relative safety, and move about in a darkened classroom.

Hardin also argues that the judgment below should be affirmed because of a settlement agreement reached between Davis and Piedmont Engineers, Architects and Planners. She contends that this accord, similar to a "Mary Carter" agreement, *see Booth v. Mary Carter Paint Co.*, 202 So. (2d) 8 (Fla. App. 1967), amounts to a satisfaction of all claims arising out of the accident. Alternatively, Hardin urges dismissal of this appeal because the agreement is champertous and contrary to public policy. As this issue was not presented to the trial court, it is not before us. *See Mackey v. Kerr-McGee Chemical Corp.*, 280 S. C. 265, 312 S. E. (2d) 565 (S. C. App. 1984).

For the reasons stated, the judgment is reversed and the case remanded for trial.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.