## 1102

Thurston GLENN, Appellant v. SCHOOL DISTRICT NO. FIVE OF
ANDERSON COUNTY, and the County of Anderson, Respondents.

(366 S. E. (2d) 47)

Court of Appeals

*James W. Logan, Jr.,* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for appellant.*

*Jack F. McIntosh* and *R. Lawton McIntosh* of *McIntosh & Sherard,* Anderson, *for School Dist. No. 5.*

*Michael F. Mullinax* of *Long, Thomason, & Mullinax,* Anderson, *for Anderson County.*

Heard Jan. 25, 1988.

Decided Feb. 29, 1988.

CURETON, Judge:

Appellant Thurston Glenn sued School District No. Five of Anderson County and Anderson County for damage to his lower riparian property caused by the discharge of surface water from a nearby school owned by the School District. The matter was referred to a master in equity who granted summary judgment to both the County and the School District. Glenn appeals. We affirm.

One seeking summary judgment must show that no genuine issue of a material fact exists and he is entitled to relief as a matter of law. In determining whether triable issues of fact exist, all inferences from the facts must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Tom Jenkins Realty, Inc. v. Hilton,* 278 S. C. 624, 300 S. E. (2d) 594 (1983). Viewed in this manner, the facts are as follows.

Glenn's property is located behind the School District's property and is in an area that naturally forms the low point for the flow of surface water from the School District's property. Prior to 1970, Glenn experienced no problems with surface water on his property. In 1970 the School District constructed Westside High School. The construction necessitated the paving of a portion of the School District's property which theretofore was open land. At the same time, the School District built a drainage system to drain surface water away from its property. Originally, the water was

discharged into a wide shallow swale on or near the School's property. The swale carried the water to the county's drainage ditch along Hillside Drive. From there the water entered a culvert under Hillside Drive. The water then flowed onto Glenn's property after following this path.

In 1971, Anderson County improved Hillside Drive by raising the road bed and installing a larger culvert under the road. Around 1980, the County assisted the School District in replacing the swale near the school with metal drainage pipes. Within a year, the metal pipes were replaced with concrete pipes.[1] Notwithstanding these improvements, surface water continued to collect and run through Glenn's property. Since 1971, Glenn's property has been eroded by surface water making it unsuitable for the planned development of the property.

Glenn filed suit in February 1986 claiming the County and School District improperly installed and maintained the drainage system, and created a continuing nuisance. He also claimed the actions of the School District constituted a taking of his property that amounted to inverse condemnation. Both the County and School District moved for summary judgment. The master granted summary judgment to the County and School District on the ground the construction resulted in "a permanent structure and that [Glenn's] cause of action was a single cause of action to be asserted within the period of the statute of limitations." The master concluded because the drainage system was constructed more than six years prior to Glenn's suit, his suit was barred by the statute of limitations as to both respondents.[2] He also concluded Glenn's complaint did not state a cause of action against the School District because the water went into a county ditch.

On appeal Glenn argues: (1) the County and School District waived their right to assert the defense of statute of limitations; (2) there were sufficient actions of the County and School District occurring within the six year limitation

---

[1] The record does not reflect why the metal pipes were replaced.

[2] The School district's answer did not assert the Statute of Limitations as a bar to Glenn's suit, nor did its motion for summary judgment assert the statute of limitations as a basis for relief.

period to sustain his suit; and (3) the actions of the School District constitute inverse condemnation of his property.

South Carolina follows the Common Enemy Rule which allows a landowner to treat surface water as a common enemy and dispose of it as he sees fit. *Morris v. Townsend*, 253 S. C. 628, 172 S. E. (2d) 819 (1970). The two exceptions to this rule are that a landowner may not use his land in a manner to create a nuisance, nor may he discharge water in concentrated form upon his neighbor's land. *Irwin v. Michelin Tire Corp.*, 288 S. C. 221, 341 S. E. (2d) 783 (1986).

In an effort to focus the issues of this case, we read Glenn's complaint as alleging causes of action under both exceptions to the Common Enemy Rule. We do not view the County's position in its motion for summary judgment, nor the trial court's order as holding Glenn's complaint does not state a cause of action against the County on both exceptions. Instead, we view the trial court's order as holding the damages sustained by Glenn whether grounded in trespass, negligence or nuisance resulted from the construction of a permanent structure more than six years prior to the commencement of Glenn's suit, and therefore his action is barred by the statute of limitations.

We first address Glenn's contention the defense of statute of limitations was waived by both the County and School District. S.C.R.Civ.P. 8(c) requires a statute of limitations to be plead as an affirmative defense. Glenn argues the School District did not plead the statute and thus the trial court erred in finding the statute barred Glenn's suit against the School District. We agree as to the School District.

The County filed two motions in February 1986 in response to the complaint. Under Rule 12 (b)(6) it sought to dismiss one of Glenn's causes of action for failure to state a cause of action. It also moved pursuant to Rule 12(e) to make the complaint more definite and certain. The motion to dismiss was denied and the motion to make more certain granted. Thereafter, Glenn amended his complaint alleging *inter alia* the drainage system was constructed in the early 1970's. The County and School district then answered. After the deposition of Glenn, testimony indicated construction of the school occurred in 1972. The County moved to amend its

answer to plead the statute of limitations. The County also moved for summary judgment on the ground the statute of limitations bars Glenn's suit. The School District moved for summary judgment on the grounds the pleadings and depositions establish only that it lawfully discharged surface water into "a catch basin properly located on the drainage easement established and maintained by Anderson County" and Glenn's complaint "in no way states a violation of [his] rights by the [School District]."

The master granted the County's motion to amend under S.C.R.Civ.P. 15(a). He found Glenn failed to make his complaint more definite and certain and after the County became aware of the date of the construction, it timely moved to amend its answer to assert the statute of limitations. Glenn argues S.C.R.Civ.P. 12(g) prohibits the granting of the motion to amend. We find no error.

Rule 12(b) requires a defendant to set forth every defense he has in his answer, except those defenses which may be raised by pre-answer motion. Rule 12(g) governs consolidation of defenses in a Rule 12 motion. It provides that a party making a motion under the rule who omits "any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except ... as provided in subsection (h)(2)." Rule 12(h)(2) provides for the assertion of several defenses and objections, none of which apply to this case.

The issue thus evolved is whether Rule 12(g) bars the County from making a motion to amend its answer and a motion for summary judgment based upon the statute of limitations defense when that defense was omitted from the County's pre-answer Rule 12 motion and also from its answer to the amended complaint. The statute of limitations is not a defense listed under Rule 12(b) which may be raised by pre-answer motion. It also is not listed under any other subdivision of Rule 12 and, therefore, is not a defense or objection which Rule 12 permits to be raised by pre-answer motion. Thus, Rule 12(g) does not bar the County from subsequently seeking an amendment adding the statute as a defense and concurrently making a motion for summary judgment based upon the bar of the statute. More-

over, Glenn has not shown he was prejudiced by the grant of the County's motion to amend. *See Austin v. Conway Hospital Inc.*, 292 S. C. 334, 356 S. E. (2d) 153 (Ct. App. 1987); *Cumbie v. Cumbie*, 245 S. C. 107, 139 S. E. (2d) 477 (1964); 3 J. Moore, *Moore's Federal Practice* Section 15.08 (2d ed. 1987).

We now address Glenn's argument the trial court erred in concluding his suit was barred by the statute of limitations because it is inferable from the facts that modifications to the drainage system occurred during the six year period immediately preceding the institution of this action.[3] He also argues that his damages are ongoing and abatable and thus he may file suit at any time. Further, he contends the respondents created a continuing nuisance for which suit may be brought for injury to his property after each successive rain which occurred within the limitations period. In ruling on these points, the trial court cited language from *Webb v. Greenwood County*, 229 S. C. 267, 92 S. E. (2d) 688 (1956) as follows:

> "If the injury complained of is of such a permanent character, then it follows that the plaintiff has a single cause of action which cannot be split.... A single action only may be maintained for all damages present and prospective caused by a permanent structure, properly built, properly maintained, and not abatable."

229 S. C. at 277, 92 S. E. (2d) at 692. The court did not consider the case of *McCurley v. South Carolina Highway Department*, 256 S. C. 332, 182 S. E. (2d) 299 (1971) which states in part as follows:

> If the injury to neighboring lands is caused by negligence, or if the cause is abatable, then there arises a continuing cause of action, and while limitations begin to run at the occurrence of the first actual damage, the landowner may at any time recover for injury to his land which occurred within the statutory period.

---

[3] While it is inferable from the County's witness that the metal pipes were replaced within the limitations period, Glenn testified the last time the County or School District did work on the system was more than ten years prior to the hearing before the master. He also testified there had been no change in the water problem since the system was first installed in 1972.

256 S. C. at 335, 182 S. E. (2d) at 300.

An action for damage to property caused by surface water occurring more than six years before commencement of a suit may be barred by the statute of limitations, regardless of whether the action is premised upon trespass, negligence or nuisance. Nevertheless, if Glenn's causes of action are premised on negligence or are abatable he may recover damages sustained within the statutory period. Clearly, Glenn's complaint alleges negligence in the manner in which the County constructed and maintained the drainage system. Therefore, Glenn may maintain his suit based on negligence unless the County has shown through affidavits or otherwise that there is no issue of fact regarding its negligence, and it is entitled to judgment as a matter of law. This leads to the inquiry whether the County has supported its motion for summary judgment pursuant to S.C.R.Civ.P. 56(e). The only evidence presented to the master consisted of the depositions of Glenn and the County's maintenance supervisor, together with two plats. This evidence demonstrates the absence of an issue of fact regarding the negligent construction and/or maintenance of the drainage system by the County.

Likewise, we cannot glean from the court papers any indication that the drainage system is not of a permanent character or is abatable. While Glenn argues in his brief that the water problem may be abated by piping the water past his property, he did not testify to this in his deposition. In fact he testified that the only thing he could think of that the School District could do to help the situation was to "quit putting water in that ditch." We find nothing in the court papers to indicate the problem may be abated. We agree with the master that the evidentiary material indicates only that Glenn's injuries were of a permanent character regarding the abatability of Glenn's injury. We therefore find no error in the master granting summary judgment to the County.

Finally, Glenn argues the master committed reversible error in not finding the actions of the School District constitute a taking of private property without compensation. In a separate order, the master granted summary judgment to the School District concluding as a matter of law the

School District had "violated no rights of [Glenn] and that the complaint does not state facts sufficient to constitute a cause of action." Glenn's sole exception on this point asserts error because the "School District is a political subdivision of the State of South Carolina and therefore cannot take private property for public use without just compensation being first made therefor." The master made no finding the School District was not a political subdivision of the State of South Carolina or that the School District could take private property without paying just compensation for it. As we read the master's order, it holds the School District has shown the absence of a question of fact regarding whether Glenn is entitled to damages from the School District based on causes of action for nuisance, trespass, or inverse condemnation. Thus, Glenn's argument in his brief that his complaint states a cause of action for an unconstitutional taking of his property or an action for inverse condemnation is not preserved for review. Absence of a proper exception precludes review by this court. *Evans v. Bruce*, 245 S. C. 42, 138 S. E. (2d) 643 (1964). Trial briefs do not constitute a part of the record on appeal. *Hays v. Adair*, 267 S. C. 291, 227 S. E. (2d) 665 (1976).

Finally, because Glenn has not excepted to the master's finding that his complaint fails to state a cause of action on the theories of nuisance and trespass, he is bound by the master's rulings on those causes of action. Glenn is therefore not prejudiced by the previously discussed ruling of the master holding the statute of limitations barred Glenn's suit on all causes of action.

Accordingly the order of the master is

Affirmed.

GOOLSBY, J., concurs.

SHAW, J., dissents in separate opinion.

SHAW, Judge (dissenting):

I would reverse. Regarding the Statute of Limitations, there was testimony by one of respondent Anderson County's witnesses that a metal pipe was installed "6 to 7 years ago" and that the enlarged concrete pipe was installed

within a year later. The installation of the metal pipe was an attempt to divert the water from appellant's property. However, the metal pipe was insufficient and the larger concrete pipe was installed. This was an apparent cause of appellant's problems and there were several questions of fact about the roles of the parties surrounding the circumstances. Viewing all inferences most favorable to the appellant, the record reveals the concrete pipe was installed approximately five years before the complaint was filed.

Also, our Supreme Court has established the rule concerning continuing and abatable nuisances. In *McCurley v. South Carolina State Highway Dept.*, 256 S. C. 332, 182 S. E. (2d) 299 (1971), the South Carolina Supreme Court set forth the following rule of law:

> If the injury to neighboring lands is caused by negligence, or if the cause is abatable, then there arises a continuing cause of action, and while limitations begin to run at the occurrence of the first actual damage, the landowner may at any time recover for injury to his land which occurred within the statutory period.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party. *Davis v. Piedmont Engineers, Architects and Planners, P.A.*, 284 S. C. 20, 324 S. E. (2d) 325 (Ct. App. 1984).

I would hold this is not a proper case of summary judgment and would reverse and remand for trial.