19183

Dick BARTHOLOMEW, Respondent, v. Clyde H. McCARTHA, Donald Ray Shealy, individually and as partner in W. Ray Shealy and Son, a partnership, and W. Ray Shealy, individually and as partner in W. Ray Shealy and Son, a partnership, of whom Donald Ray Shealy and W. Ray Shealy, individually and as partners, are, Appellants.

(179 S. E. (2d) 912)

*Messrs. Bernard Manning* of Columbia, and *Pope & Schumpert,* of Newberry, *for Appellants,*

*Messrs. Blease, Griffith, Stone,* and *Hightower,* of Newberry, *for Respondent,*

March 4, 1971.

BRAILSFORD, Justice:

Plaintiff was injured in a collision between an automobile driven by Clyde H. McCartha and a truck driven by W. Ray Shealy. He sued both drivers, charging that the negligence of

each contributed to his injury. Thereafter, he accepted $14,-000.00 from McCartha, and, in consideration of this payment, executed and delivered unto him an instrument styled "Covenant Not To Sue". At the same time he took an order dismissing the complaint as to McCartha, "with prejudice." After negotiations for settlement of plaintiff's claim against the defendant Shealy had failed, this defendant sought dismissal of the action against him upon the ground that the legal effect of the release of his codefendant was to release him from liability for plaintiff's injuries. The foundation of this appeal from the circuit court's contrary conclusion is the common-law rule that the release of one multiple joint tort-feasors, regardless of the intention of the parties, releases all. The only issue on this aspect of the appeal is whether by virtue of this rule the court should have dismissed the action. We have neither adopted nor repudiated the rule relied upon. However, the result which we now reach was clearly foreshadowed in *Mickle v. Blackmon,* 252 S. C. 202, 166 S. E. (2d) 173 (1969), when we said:

"They invoke the ancient common-law rule that, regardless of the intention of the parties, the release of one joint tort-feasor releases all.

"This technical, often criticized rule, which rests upon the fiction, among others, that a release implies a satisfaction, has been the subject of much litigation in other jurisdictions. Courts and legislatures have been astute to mitigate its impact. The decided trend of modern authority is that the release of one tort-feasor does not release others who wrongfully contributed to plaintiff's injuries unless this was the intention of the parties, or unless plaintiff has, in fact, received full compensation amounting to a satisfaction. Professor Prosser says that by virtue of statutes in some states and court decisions in others, this is the rule now actually applied in some two-thirds of the American jurisdictions. Prosser on Torts, 272 (3d ed.) See also Annotation, 73 A. L. R. (2d) 403.

"No case in which this court has grappled with the problem has been cited, and we find none. We need not now either

adopt or repudiate the controversial rule. We decline to give it novel application to the facts of this case, which do not involve a release from which the fiction of a satisfaction could be raised." 252 S. C. at 224, 166 S. E. (2d) at 182.

Being untrammeled by the ancient rule which, in our view, tends to stifle settlements, defeat the intention of parties and extol technicality, we adopt the view that the release of one tort-feasor does not release others who wrongfully contributed to plaintiff's injuries unless this was the intention of the parties, or unless plaintiff has, in fact, received full compensation amounting to satisfaction. It, therefore, becomes unnecessary for us to determine whether the instrument involved here is a release rather than a covenant. In either view of it, there was no error in overruling defendant's motion.

The appellant also excepts to the court's allowance of plaintiff's motion to amend the complaint by striking all reference to the defendant McCartha, with whom settlement had been effected. The allowance of the amendment appears to have been in furtherance of justice. Certainly, no abuse of discretion has been shown. The appellant contends, however, that the written order allowing the amendment was inconsistent with the court's oral ruling in disposing of the motion, stating that this change in the court's ruling either resulted from inadvertance or exceeded the authority of the judge. The record does not indicate that this complaint was brought to the attention of the circuit court, nor is it made the ground of an exception on this appeal. Hence, no issue thereabout is properly before us.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.