854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas W. LABATT, Plaintiff-Appellant,
and
Liberty Mutual Insurance Co., Plaintiff,
v.
AMERICAN EQUIPMENT COMPANY, INC., Defendant-Appellee,
v.
TRIANGLE CONSTRUCTION COMPANY, Harnischfeger Corporation,
Third Party Defendants.
 No. 87-2686.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1988.
Decided Aug. 2, 1988.
 
 Louis H. Lang (Steven M. Anastasion, Callison, Tighe, Robinson & Anastasion on brief) for appellant.
 Jay Bender (Belser, Baker, Barwick, Ravenel, Toal & Bender on brief) for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 CHAPMAN, Circuit Judge:
 
 
 1
 Douglas W. Labatt appeals an order of the district court granting summary judgment in favor of American Equipment Co. We affirm.
 
 
 2
 Labatt was injured on November 26, 1979 when a work platform on which he was being hoisted fell from the crane to which it was attached. The crane was manufactured by Harnischfeger Corporation and was leased from American Equipment by Labatt's employer, Triangle Construction Company. In 1980 Labatt brought suit against Harnischfeger, alleging causes of action based on theories of negligence, breach of express and implied warranties, and strict liability. The action was settled on December 14, 1984, when Labatt executed a document entitled "Receipt and Release." Pursuant to this document, Labatt received $120,000 in settlement of his claims against Harnischfeger.
 
 
 3
 On November 11, 1985, Labatt commenced this diversity action against American Equipment. American Equipment joined Harnischfeger Corporation and Triangle Construction Company as third party defendants. American Equipment then moved for summary judgment, arguing that the release Labatt executed in the prior suit against Harnischfeger operated as a complete satisfaction of Labatt's claims against American Equipment. The court granted summary judgment and Labatt appealed.
 
 
 4
 In Bartholomew v. McCartha, 255 S.C. 489, 179 S.E.2d 912 (1971), the South Carolina Supreme Court stated that "the release of one tort-feasor does not release others who wrongfully contributed to plaintiff's injuries unless this was the intention of the parties, or unless plaintiff has, in fact, received full compensation amounting to a satisfaction." Id. at 492, 179 S.E.2d at 914. The district court based its determination on the second prong of Bartholomew, concluding that Labatt had received full compensation pursuant to the release document which amounted to a satisfaction.
 
 
 5
 We agree. The language of the release clearly states that Labatt received $120,000 in "full and complete ... satisfaction" of all his claims arising from his injuries sustained on November 26, 1979.[1] In his deposition testimony, Labatt stated that he sustained no injuries in his accident for which he did not seek recovery in his suit against Harnischfeger.[2] Labatt further testified that he had sustained no injuries after the release was executed in 1984. Because the release contemplates complete satisfaction and because Labatt sought recovery for all of his injuries in the prior suit, we find that Labatt failed to come forward with proof of actual damages in excess of $120,000 to contradict the language of the release.
 
 
 6
 We do not find anything that would dispute the indivisibility of the injury. The release provided that Harnischfeger was released from "any and all causes of action, claims, demands, costs and all claims of any nature which the plaintiff has or may be entitled to have on account of injuries sustained by the plaintiff on November 26, 1979 while employed as a construction worker by Triangle Construction Company, all as is more fully set forth in the complaint" filed in Labatt's suit against Harnischfeger. (emphasis supplied). Our review of the complaint filed against Harnischfeger reveals that Labatt pursued the same causes of action in that suit that he now alleges against American Equipment. Because the release document executed in settlement of the prior suit covers all injuries Labatt sustained and all causes of action he now pursues and the compensation received was full, amounting to a satisfaction, we agree that Labatt failed to come forward with evidence sufficient to create a genuine issue of material fact that the settlement did not release all joint tort-feasors.
 
 
 7
 Citing Loh v. Safeway Stores, Inc., 47 Md.App. 110, 422 A.2d 16 (1980), Labatt argues that a satisfaction cannot arise from a settlement agreement in which the party settling denies liability. In the release, Harnischfeger specifically denied "liability of any nature or kind." Loh involves an interpretation of Maryland statutory law and it is not persuasive in this South Carolina case. For the reasons stated above, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This portion of the release provides, in its entirety, as follows:
 It is understood and agreed that the total sum of One Hundred Twenty Thousand and No/100 ($120,000.00) is received by the undersigned in full and complete settlement and satisfaction of the claims of the plaintiff and the claims of Liberty Mutual Insurance Company as workmen's compensation carrier for the plaintiff.
 
 
 [2]
 The following interchange took place at deposition:
 [Defendant's counsel]
 Q. Now, you have filed this lawsuit against American Equipment Company seeking to recover for injuries received in a fall. Are there any injuries that you received other than the ones you sought money for in your first law suit against Harnischfeger?
 [Labatt]
 A. No, sir.