2197

FENDER & LATHAM, INC., Appellant v. FIRST UNION NATIONAL BANK OF SOUTH CAROLINA, Respondent.

(446 S.E. (2d) 448)

Court of Appeals

*Olin L. Purvis, III,* of *Turner, Padget, Graham & Laney,* Florence, *for appellant.*

*Robert M. Erwin, Jr., Susan P. McDonald,* and *James F. McCrackin,* all of *Nelson, Mullins, Riley & Scarborough,* Myrtle Beach, *for respondent.*

Heard June 8, 1994.

Decided June 20, 1994; Reh. Den. Aug. 4, 1994.

GOOLSBY, Judge:

Fender & Latham, Inc. brought this action for breach of contract against First Union National Bank of South Carolina after First Union refused to make a $1,050,000.00 loan to Fender & Latham. The trial court granted First Union's motion for summary judgment on the ground there was no contract between the parties. Fender & Latham appeals. We affirm.

In 1990, Fender & Latham decided to develop a cable television system, Marlboro Cablevision, in the city of Bennettsville. Fender & Latham negotiated with First Union for a loan to finance the proposed project.

On August 1, 1990, First Union sent Fender & Latham a commitment letter in which it stated it would approve the loan for Marlboro Cablevision if Fender & Latham met certain conditions precedent, including absolute, "noncancelable" "pole line rights" and a deposit in escrow of $125,000.00 for labor costs. The commitment letter also provided, "This commitment shall expire unless it has been accepted by [Fender & Latham] in writing and the acceptance received by [First Union] on or before August 30, 1990."

Fender & Latham failed to meet the conditions regarding pole line rights and an escrow deposit and it failed to provide First Union with a written acceptance. Nevertheless, Fender & Latham proceeded to construct its cable television system. First Union later refused to make the loan to Fender & Latham.

This action followed.

In granting First Union summary judgment, the trial court held there was no contract between the parties because Fender & Latham failed to fulfill the conditions of the offer and it failed to accept First Union's offer in writing within the prescribed time limit.

Summary judgment is appropriate if, upon viewing the evidence and inferences to be drawn from it in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is clearly entitled to judgment as a matter of law. *Standard Fire Ins. Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 392 S.E. (2d) 460 (1990); *Davis v. Piedmont Eng'rs. Architects and Planners*, 284 S.C. 20, 324 S.E. (2d) 325 (Ct. App. 1984). The trial court should grant summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element of the party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. (2d) 265 (1986); *Baughman v. AT&T Co.*, 306 S.C. 101, 410 S.E. (2d) 537 (1991).

There is only one reasonable inference to be drawn from the undisputed facts and circumstances of this case: there was no enforceable contract between the parties because Fender & Latham did not comply with the requirements of First Union's offer.

First Union's commitment letter constituted an offer that required certain conditions to be fulfilled and required a written acceptance. *See Restatement (2nd) of Contracts* § 24 (1981) (defining an offer as "a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it"). Unless Fender & Latham gave First Union a written acceptance, obtained absolute "pole line rights," and deposited in escrow $125,000.00, there was no contract between it and First Union. *See Insurance Co. of N. Am. v. United States*, 159 F. (2d) 699 (4th Cir. 1947) (a contract is not complete as long as there remains something to be done to establish contractual relations as contemplated by both parties to the contract).

Fender & Latham asserts it had a binding contract with First Union because, at a meeting between the parties on Au-

gust 13, 1990, representatives for Fender & Latham orally agreed to the terms of the contract. Fender & Latham's oral acceptance, however, was insufficient because the offer expressly required a written acceptance. *See Bugg v. Bugg*, 272 S.C. 122, 125, 249 S.E. (2d) 505, 507 (1978) ("Where it is determined that the parties intended not to be bound until the written contract is executed, no valid and enforceable obligation will be held to arise."); *Restatement (2nd) of Contracts* § 58 (1981) (if an offer prescribes the manner of acceptance, the offerer must comply with its terms in order to create a contract).

Fender & Latham also argues it had a binding contract with First Union because, during a Bennettsville City Council public hearing, Larry Jones, a First Union representative, stated First Union was "committed to lend[ing] Fender & Latham sufficient funds to start their operation."

We note, however, Jones qualified his statement at that time by saying First Union would make the loan "[a]s soon as the paperwork is done."

Regarding what Jones stated at the public hearing, we see nothing in his remarks that would suggest First Union had abandoned its requirements of pole line rights, an escrow deposit, and a written acceptance. Indeed, Jones's comments at this'hearing were not inconsistent with the terms of First Union's offer. Jones's qualifying statement that the loan would be made "as soon as the paperwork [was] done" clearly indicated more needed to be done before there could be a final loan agreement, namely the completion of the paperwork. *See Bugg*, 272 S.C. at 126, 249 S.E. (2d) at 508 (the absence of finality of a property settlement agreement held shown by a husband's letter that stated he would pay lump sum alimony provided in the proposed agreement " 'as soon as the agreement [was] entered into' "). A written acceptance was a necessary part of the "paperwork" that remained to be done.

Affirmed.

CONNOR, J., and LITTLEJOHN, Acting J., concur.