THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Randy Todd, Appellant,
 
 
 

v.

 
 
 
 James OHara Brereton both Individually and as agent for VT, Inc., Respondent.
 
 
 

Appeal From Horry County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2007-UP-002
Submitted December 1, 2006  Filed January 9, 2007

AFFIRMED

 
 
 
 Ian D. Maguire, Vivien K. Sookram, of Myrtle Beach; for Appellant.
 G. Michael Smith, of Conway; for Respondent.
 
 
 

PER CURIAM:  In this civil action, James Randy Todd appeals the circuit courts order granting summary judgment in favor of James OHara Brereton and VT, Inc. (collectively Brereton).   We affirm.
FACTS
On November 30, 1999, Todd and Brereton were involved in an auto accident.  At the time of the accident, Brereton was driving a vehicle owned by VT, Inc.  In July 2001, Todd executed a release which provides, in its entirety:

 For the sole consideration of Five Hundred ($500.00) dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges James O. Brereton, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable none of whom admit any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 30th day of November, 1999, at or near Conway, S.C.
 This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
 Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Todd signed the release and acknowledged receipt of the $500. 
Thereafter, in 2002, Todd brought a negligence action against Brereton seeking to recover damages as a result of the 1999 auto accident.  Brereton answered, raising as an affirmative defense the release signed by Todd in 2001.  Brereton also moved for summary judgment, arguing the release was a complete bar to Todds action.[1]  At the summary judgment hearing, Brereton argued the terms of the release were clear and unambiguous and no extrinsic evidence was needed to explain its terms.  Todd argued the release should not bar the action because (1) the release was an unconscionable contract of adhesion; (2) it was not properly signed by VT; (3) he was not represented by an attorney when he signed the release; (4) he did not understand the terms of the release; and (5) he was taking large doses of Oxycontin at the time he signed the release.  The circuit court found that Todd signed the release and that the terms of the release were clear and unambiguous.  Accordingly, the circuit court granted summary judgment in favor of Brereton, finding Todds action was barred by the release.  The circuit court denied Todds motion for reconsideration, and this appeal followed.
STANDARD OF REVIEW
In reviewing the grant of summary judgment, [the appellate court] applies the same standard that governs the trial court under Rule 56, SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Pittman v. Grand Strand Entmt, Inc., 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005).  The appellate court therefore reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party.  Id.  Once the moving party meets the initial burden of showing an absence of evidentiary support for the opponents case, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial and cannot simply rest on mere allegations or denials contained in the pleadings.  Miller v. Blumenthal Mills, Inc., 365 S.C. 204, 220, 616 S.E.2d 722, 730 (Ct. App. 2005).
LAW/ANALYSIS
On appeal, Todd argues the circuit court erred in granting summary judgment because the release was an unconscionable contract of adhesion.  We disagree.
A release is a contract.  Bowers v. South Carolina Dept. of Transp., 360 S.C. 149, 153, 600 S.E.2d 543, 545 (Ct. App. 2004); 18 S.C. Jur. Release § 2 (2003) (Because a release is a contract, principles of law applicable to contracts generally are also applicable to releases.).  A contract of adhesion is generally thought of as a standard form contract offered on a take-it-or-leave-it basis.  The terms of the contract of adhesion are not negotiable.  An offeree faced with such a contract has two choices: complete adherence or outright rejection.  Lackey v. Green Tree Financial Corp., 330 S.C. 388, 394, 498 S.E.2d 898, 901 (Ct. App. 1998)(internal quotations omitted). 
The fact that a contract is one of adhesion does not make it unconscionable.  Id.  Determining whether a contract is one of adhesion is merely the beginning point in the analysis.  Unconscionability, on the other hand, requires a greater showing.  Id. at 395, 498 S.E.2d at 901.  Unconscionability is characterized by the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them.  Fanning v. Fritzs Pontiac-Cadillac-Buick Inc., 322 S.C. 399, 403, 472 S.E.2d 242, 245 (1996).
There is no evidence in the record that this was a contract of adhesion.  There is no evidence the terms of the release were not negotiable; in fact, the release itself indicated the key term of the release, the consideration to be paid to Todd, was negotiated and he had the right to reject the amount offered.
Moreover, even if this release could be construed as a contract of adhesion, there is no evidence to conclude the release was unconscionable.  Todds  unsubstantiated allegations that the release was unconscionable because he was unrepresented when he signed the release, because he was using prescription drugs at the time he signed the release, and  because he failed to understand the terms of the release are insufficient to create a genuine issue of material fact.  See Shupe v. Settle, 315 S.C. 510, 516, 445 S.E.2d 529, 534 (Ct. App. 1994) (A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment.).  Todd did not present any evidence to the circuit court that he was impaired or incapacitated as a result of his prescription drug use at the time he signed the release, or that Brereton knew of his use of Oxycontin and that he took advantage of Todds alleged impairment.  Additionally, Todd failed to present any evidence to support his allegation that he did not understand the terms of the release when he signed it.  Lastly, Todd presented no authority, either to the circuit court or in his brief, that the release should be set aside because he was unrepresented when he signed the document.    
CONCLUSION
Accordingly, the order of the circuit court granting summary judgment in favor of Brereton is hereby
AFFIRMED.
HEARN, C.J., and BEATTY and SHORT, JJ., concur

[1] The procedural posture of this case is a bit unusual.  First, rather than bringing an action to set aside the release, Todd filed an action as if the release did not exist.  Second, after Brereton answered and pled the release as an affirmative defense, Todd did not file a reply with the court alleging the release was unenforceable.  While this arguably could have prevented Todd from asserting the invalidity of the release, Brereton never raised this issue to the circuit court at the summary judgment hearing.