THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Frenchie T.
 McMillan and Robert McMillan, Appellants,
 v.
 St. Eugene Medical Center, McLeod Regional Medical Center of 
 Pee Dee, Keh-Fang Chen, M.D., Matthew Cerney, M.D. of Whom St. 
 Eugene Medical Center and McLeod Regional Medical Center of Pee 
 Dee, Respondents.
 
 
 

Appeal From Dillon County
 James E. Lockemy, Circuit Court Judge
Unpublished Opinion No. 2010-UP-515
Submitted November 1, 2010  Filed
 November 23, 2010    
AFFIRMED

 
 
 
 Scott A. Graustein, of Conway, for Appellant Frenchie T.
 McMillan.  
 A. LaFon LeGette, Jr., of Latta, for Appellant Robert McMillan. 
 
 Saunders M. Bridges, Jr., of Florence, for Respondents.
 
 
 

PER CURIAM: Following
 a surgical error that left her unable to bear children, Frenchie McMillan and
 her husband, Robert, sought damages from multiple defendants, including the
 hospital where she received treatment and the doctor who operated on her. 
 After the McMillans settled with the doctor and executed an agreement that
 released the doctor, his insurers, and "any and all other people or
 corporations[] who might be claimed to be liable at some point," the
 circuit court entered summary judgment as to all defendants.  The McMillans
 appeal, arguing they intended the release to cover only the doctor and his
 insurers.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 56(c), SCRCP (providing summary judgment is
 appropriate when "the pleadings, depositions, answers to interrogatories,
 and admissions on file, together with the affidavits, if any, show that there
 is no genuine issue as to any material fact and that the moving party is
 entitled to a judgment as a matter of law"); In re Campbell, 379 S.C. 593, 599, 666 S.E.2d 908, 911
 (2008) ("An appellate court may decide questions of law with no particular
 deference to the [circuit] court."); Englert, Inc. v. Netherlands Ins.
 Co., 315 S.C. 300, 302, 433 S.E.2d 871, 873 (Ct. App. 1993) (requiring a
 reviewing court to apply the same standard that governs the circuit court under
 Rule 56(c), SCRCP, viewing all facts and reasonable inferences to be drawn
 therefrom in the light most favorable to the appellant); Bartholomew v. McCartha, 255 S.C. 489, 492, 179 S.E.2d 912, 914 (1971)
 (holding that a release of one tortfeasor does not constitute a release of
 others who contributed to the plaintiff's injuries unless the parties intended
 such a release or the plaintiff received full satisfaction); Ecclesiastes
 Prod. Ministries v. Outparcel Assocs., LLC, 374 S.C. 483, 497-98, 500, 649
 S.E.2d 494, 501, 503 (Ct. App. 2007) ("A release is a contract[,] and
 contract principles of law should be used to determine what the parties
 intended"; "The parties' intention must, in the first instance, be
 derived from the language of the contract.  To discover the intention of a
 contract, the court must first look to its language  if the language is
 perfectly plain and capable of legal construction, it alone determines the
 document's force and effect.  'Parties are governed by their outward
 expressions and the court is not at liberty to consider their secret intentions'";
 and "The court must enforce an unambiguous contract according to its
 terms, regardless of the contract's wisdom or folly, or the parties' failure to
 guard their rights carefully"); and Silver v. Aabstract Pools &
 Spas, Inc., 376 S.C. 585, 591, 658 S.E.2d 539, 542 (Ct. App. 2008)
 (determining that whether the language of a contract is ambiguous is a question
 of law to be answered by the court from the terms encompassed by the four
 corners of the contract, requiring the court to examine the entire contract and
 not merely certain phrases taken in isolation, stating when a contract "is
 clear and unequivocal, its meaning must be determined by its contents alone,"
 and preventing the court from reading into a contract words "which import
 an intent wholly unexpressed when the contract was executed").  
AFFIRMED.
FEW, C.J., SHORT, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.