**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

LNV Corporation, Respondent,

v.

Affordable Hospitality Group-Anderson, LLC; Diversified Capital Investment Group, LLC; Jay Berlye; Anderson County, South Carolina; and the State of South Carolina, Defendants,

Of Whom Affordable Hospitality Group-Anderson, LLC; Diversified Capital Investment Group, LLC; and Jay Berlye are the Appellants.

Appellate Case No. 2013-002341

_____

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

_____

Unpublished Opinion No. 2015-UP-070
Heard December 11, 2014 – Filed February 11, 2015

_____

**AFFIRMED**

_____

Ronald M. Childress, of Columbia, for Appellants.

Benjamin Rush Smith III and Allen Mattison Bogan, both of Columbia, and Dowse Bradwell Rustin IV, of

Greenville, all of Nelson Mullins Riley & Scarborough, LLP, for Respondent.

———————————

**PER CURIAM:** In this appeal arising from a foreclosure action, Affordable Hospitality Group-Anderson, LLC; Diversified Capital Investment Group, LLC; and Jay Berlye (collectively "Appellants") argue the circuit court erred in (1) finding Appellants released their counterclaims, (2) determining that no valid enforceable agreement arose between the parties, and (3) denying Appellants' motion to amend their counterclaims.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding Appellants released their counterclaims: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003) ("The trial court's grant of a motion to dismiss will be sustained if the facts alleged in the complaint do not support relief under any theory of law."); *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 497, 649 S.E.2d 494, 501 (Ct. App. 2007) ("A release is a contract and contract principles of law should be used to determine what the parties intended."); *Bowers v. S.C. Dep't of Transp.*, 360 S.C. 149, 153, 600 S.E.2d 543, 545 (Ct. App. 2004) (noting that where a release unambiguously sets forth the contracting parties' intent, a court is bound by that clearly expressed intent without resort to extrinsic evidence); *id.* at 153-54, 600 S.E.2d at 545 (holding that in such instances, "[e]xtrinsic evidence giving the contract a different meaning from that indicated by its plain terms is inadmissible" (quoting *C.A.N. Enters. v. S.C. Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 377-78, 373 S.E.2d 584, 586 (1988)) (internal quotation marks omitted)).

———————————

[1] We have consolidated Appellants' issues into three issues for the purposes of clarity and brevity.

2.  As to whether the circuit court erred in determining no valid enforceable obligation arose between the parties because the loan was not closed within ninety days from the date of acceptance as expressly required by the loan commitment letter: *Robinson v. Robinson*, 365 S.C. 583, 585, 619 S.E.2d 425, 426 (2005) (noting a second motion for reconsideration is appropriate if it challenges something that was altered from the original judgment as a result of the initial motion (citation omitted)); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." (citation omitted)); *Fender & Latham, Inc. v. First Union Nat'l Bank of S.C.*, 316 S.C. 48, 50, 446 S.E.2d 448, 449-50 (Ct. App. 1994) (holding there was no enforceable contract between the parties because the offeree did not comply with the requirements of the offer); *Restatement (Second) of Contracts* § 60 (1981) (stating if an offer prescribes the manner of acceptance, the offeree must comply with its terms in order to create a contract).

3.  As to all other issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that an appellate court need not review remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**