**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Pamela Richey, Appellant,

v.

Shirley W. Booth, Thomas J. Booth, Estate of Lee C. Williams, Respondents.

Appellate Case No. 2015-001056

Appeal From Abbeville County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2018-UP-101
Submitted February 1, 2018 – Filed March 7, 2018

**AFFIRMED**

Robert Jamison Tinsley, Jr., of Greenwood, for Appellant.

James Graham Padgett, III, of The Law Firm of Bacot & Padgett, LLC, of Greenwood, for Respondent Estate of Lee C. Williams.

Jane Hawthorne Merrill, of Hawthorne Merrill Law, LLC, of Greenwood, for Respondents Shirley W. Booth and Thomas J. Booth.

**PER CURIAM:** Pamela Richey appeals the circuit court's order granting summary judgment to the Estate of Lee Williams (the Estate). On appeal, Richey argues the circuit court erred in granting summary judgment because in his will, Williams required the Estate's personal representative to pursue the money at issue for Richey as a named beneficiary. We affirm.[1]

We find the circuit court did not err in finding probate court was the proper avenue of relief for any allegations Richey had against the personal representative of the Estate. *See* S.C. Code Ann. § 62-1-302(a) (Supp. 2017) (stating "the probate court has exclusive original jurisdiction over all subject matter related to . . . estates of decedents, including the . . . construction of wills"). At the summary judgment hearing and in her Rule 59(e), SCRCP, motion, Richey argued the personal representative had a duty under Williams's will to pursue funds allegedly converted by the Booths. Therefore, probate court had exclusive jurisdiction over Richey's allegations against the personal representative.

We find the circuit court did not err in granting summary judgment to the Estate because the 2011 mutual release showed no genuine issue as to any material fact existed as to Richey's current conversion claim against the Estate. *See* Rule 56(c), SCRCP (stating a circuit court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."). The mutual release is a contract that, by its unambiguous terms, provides Richey and Williams dismissed with prejudice all claims relating to or arising out of Richey's 2007 conversion claim against Williams. *See Bowers v. Dep't of Transp.*, 360 S.C. 149, 153, 600 S.E.2d 543, 545 (Ct. App. 2004) (stating a release is a contract); *D.A. Davis Constr. Co. v. Palmetto Props., Inc.*, 281 S.C. 415, 418, 315 S.E.2d 370, 372 (1984) ("In construing a contract, it is axiomatic that the main concern of the court is to ascertain and give effect to the intention of the parties."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 93, 594 S.E.2d 485, 493 (Ct. App. 2004) ("If its language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and the contract's language determines the instrument's force and effect."). Thus, Richey's current conversion claim against the Estate regarding the same money as her 2007 conversion claim is barred.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Because we find the circuit court did not err in granting summary judgment to the Estate on the ground that the mutual release barred the claim, we decline to consider the alternate grounds of res judicata, collateral estoppel, and Rule 60, SCRCP. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**